SUCCESSION OF HARMAN JONES—On rule taken by D. H. JONES, Appellant.

The 58th and 59th Articles of the Civil Code, relating to the sending into provisional possession of the presumptive heirs of an absentee, have no application to the question whether letters of tutorship have been properly granted upon the persons and property of minors whose father is alleged to be dead.

The certificate of the Register of Births and Deaths for the parish of Orleans is a legal document, creating of itself a *prima facie* presumption of the death of a party.

APPEAL from the Second District Court of New Orleans, *Morgan*, J. *Elmore & King*, for plaintiff in rule and appellant. *C. Roselius* and *A. W. Jourdan*, for tutrix and defendant.

BUCHANAN, J. The succession of *Harman Jones* was opened by his widow, by petition to the Second District Court of New Orleans, filed on the 21st of May, 1856, to be qualified as natural tutrix of the two minor children of said *Jones*. To this petition was annexed a certificate of the Register of Births and Deaths in and for the city and parish of Orleans, certifying the death of *Har-*

*man Jones.* About nine months after the widow *Jones* had qualified as tutrix, and made an inventory, under orders of the court, one *David H. Jones*, the brother of *Harman Jones*, and against whom the widow and tutrix had instituted suit for an alleged indebtedness to the succession, took a rule in the Second District Court to set aside the mortuary proceeding and to revoke the letters of tutorship, on the ground that there was no evidence of the death of *Harman Jones*, and that the length of time required for the presumption of the death of an absentee after he was last heard from had not elapsed.

There is one exception to the form of proceeding by rule which it is unnecessary to examine, inasmuch as the judgment upon the merits, for defendant in rule, is entirely justified by the law and the evidence.

*Harman Jones* is proved to have left the port of New Orleans, on board a schooner called the Florinda, bound to San Francisco, California, in July, 1849. On the 15th November, 1849, he wrote from Rio de Janeiro, conveying information that the Florinda was undergoing repairs in that port, which would be finished the same day, and that she would immediately prosecute her voyage to her port of destination. Since the date of that letter, neither the schooner Florinda nor *Harman Jones* have ever been heard of.

His family and relatives, including *David H. Jones*, the mover in this rule, went into mourning for *Harman Jones* as for a person deceased. *David H. Jones* told one of the witnesses that his brother *Harman* was dead, and exhibited a great show of distress on the subject. *David H. Jones* even collected, under a power of attorney, the amount of insurance effected on cargo per schooner Florinda for this voyage, upon his own affidavit of a portion of the facts above detailed, as proof of a total loss of the vessel and cargo. The insurance company paid him the amount of the policy, on the 11th of October, 1850, five years and a half before the succession of *Harman Jones* was opened by his widow.

The burden of proof was upon the mover in this rule to rebut the very strong, not to say conclusive presumption of the death of *Harman Jones*, arising from these circumstances. Not the slightest attempt to rebut them is made by him.

His counsel relies altogether upon the provisions of the 58th and 59th Articles of the Civil Code, relative to the sending into provisional possession of the presumptive heirs of an absentee. These Articles have no application to the case before the court. The question for our decision is whether letters of tutorship have been granted improperly upon the persons and property of minors whose father is still living.

The certificate of the Register of Births and Deaths for the parish of Orleans, introduced without objection in evidence, is a legal document, creating of itself a *prima facie* presumption of the death of *Harman Jones*, which is corroborated by facts emanating in a great measure from the very party who now disputes that death.

Judgment affirmed, with costs.