| 35 | 609 |
| 44 | 1010 |
| 35 | 609 |
| 51 | 352 |
| 35 | 609 |
| p108 | 349 |
| 35 | 609 |
| 114 | 212 |
| 35 | 609 |
| 115 | 374 |
| 35 | 609 |
| 116 | 223 |

## No. 8696.

### Mrs. Ann Jamison vs. Patrick Smith.

In a petitory action where the defendant sets up no title to the property in himself, nor outstanding title in another, but merely denies the title of the plaintiff, plaintiff is not bound to show a perfect title against all the world to entitle him to recover.

This rule is subject to modification where the plaintiff offers evidence which shows an interest of the defendant in the property.

An irregularity in the transfer of minors' property may be ratified by him after his majority. And such ratification may be inferred from long, continued silence and inaction on his part touching the property.

Where a person's home was in this city, where his mother and nearest relatives also resided, and he left his home during the late war and joined the army, never returned and never was heard of afterwards, the lapse of time and absence under said circumstances are sufficient to create the presumption of his death.

APPEAL from the Civil District Court for the Parish of Orleans. *Monroe, J.*

*T. J. Semmes & Payne* for Plaintiff and Appellee:

No evidence admissible to prove title in defendant under general issue. Draper vs. Richards, 20 An. 306; Well vs. St. Dizier, 9 An. 120.

Defendant who, though alleging title, does not state its character or derivation, is considered as a mere trespasser, against whom plaintiff need only show an apparent title. 9 Rob. 215; 10 R. 510.

From a possessor without title a joint owner may recover the whole undivided property. 3 La. 134; 6 An. 232; 31 An. 74.

From a possessor without title revenues should be granted up to time plaintiff is put in possession. 28 An. 694.

The sale of immovables belonging to a minor, though null and void, may be ratified by implication by the minor after majority, or be protected by prescription. 3 An. 328; 4 R. 8; 6 An. 606.

### *E. D. White* and *James Timony* for Defendants and Appellants :

1. In a petitory action the plaintiff must make out his title, otherwise the possessor, whoever he be, shall be discharged the demand. C. P. Art. 44.

2. In such a case plaintiff must recover, not by the weakness of his adversary's title, but the strength of his own. 11 An. 546; 15 An. 454.

3. In such an action plaintiff must show title, and make it out satisfactory on all points, both as to title and identity. Murray vs. Bossier, 10 An. 293; Hemiken vs. Britton, 12 R. 46; Carraby vs. LeBreton, 1 R. 242.

4. Every transfer of immovable property must be in writing. C. C. 2275, 2440.

The opinion of the Court was delivered by

Todd, J.   This is a petitory action, in which the plaintiff claims to be owner of the following property in the City of New Orleans, viz :

" A certain lot of ground with all the buildings thereon, situated on Camp street, between St. Joseph and Julia streets, in the First District of this city, known as No. 200 Camp street, measuring 19 feet front on Camp street, by 175 feet in depth, and adjoining a lot of ground described in an act of sale from David Siddle and Samuel Stewart to Mrs. Rebecca Johnson, widow of Thomas Stackhouse, before Wm. Christy, Notary Public, on the 20th July, 1852."

The defendant Smith, who was in possession of the property as lessee, called in his lessor to defend the suit. This lessor was John A. Turnell, who having died, the appellant herein, representing some of his minor heirs and other heirs of age, appeared and answered. They set up no title in themselves or their ancestor, Turnell, but pleaded the general denial.

There was judgment recognizing the plaintiff as owner of five-twelfths of the property, with proportionate rent up to the 1st of January, 1880, and from this judgment the tutor of the minor heirs of Turnell has appealed.

The plaintiff asks an amendment of the judgment, decreeing her to be the sole owner of the entire property and to be put in possession of the same, and to recover rent up to the delivery of possession.

The evidence establishes that the plaintiff's father, Thomas Stackhouse, died in possession of the property in controversy.   That the

same was acquired during the existence of the community that resulted from his marriage with plaintiff's mother. Thomas Stackhouse was twice married, and left at his death two children by his first marriage, and three by his second, and also a surviving widow, the mother of the plaintiff.

Sometime after the death of Thomas Stackhouse, his heirs, some of them minors, acting through their tutor, and his widow and executors, entered into an act of settlement, by which all the property of his succession and of the community purports to have been conveyed to the widow, and all right thereto relinquished on the part of the heirs.

Under this act the widow asserted title to the property in controversy up to the time of her death, which occurred in 1864, and plaintiff in this suit claims to be owner thereof by inheritance from her mother, as her sole heir.

Her pretensions are resisted on two grounds :

1. That the property described and claimed in the suit has not been identified as property that ever belonged to the father and mother of plaintiff.

2. That the act of settlement under which the conveyance was made to plaintiff's mother, was without effect and void, as all the heirs of Thomas Stackhouse, who, at the time of such conveyance, were all, save one, minors, and to the extent of their interest passed no title.

The parties making this defense being the descendants of Margaret Stackhouse, a child of the first marriage, who married John A. Turnell.

1. The District Judge properly held that the property was sufficiently identified. It is unnecessary to give specifically the reasons justifying such conclusion.

2. We think that the Judge of the first instance was also correct in holding that the act of settlement mentioned was void, so far, at least, as to the interests of the then minor heirs of Margaret Stackhouse, attempted to be conveyed therein by their natural tutor, John A. Turnell. We do not think these heirs occupy the posititition of trespassers in this suit. It is true that their answer was a general denial only, without averment of title in themselves, and under the general rule they might be precluded from attacking an apparent or *prima facie* title opposed to them ; but in this instance the plaintiff offered in evidence, and relied on as the chief muniment of her title, an instrument which showed the original right of these parties to the property, and on its face disclosed that such right had not been divested, at least, by that act. Under these circumstances they could urge the nullities apparent in it. It gave a color of right to the character of

their possession, and relieved them of the imputation of being mere trespassers. We think there is no room, under the evidence and pleadings, to question their right to be considered as the descendants and heirs of Margaret Stackhouse. Of course, it needs no words to show that the attempt of a natural tutor, which was the capacity in which John A. Turnell acted at the time, to convey, without the authorization or order of a Judge, or the advice of a family meeting, the interests of his wards in immovable property is, as to them, without effect, and a nullity that could be urged by them at any time within the prescriptible term.

Whilst holding these views as to the heirs of Margaret Stackhouse, so far as relates to their interest in the property, we think the Judge erred in allowing these parties to invoke in their own behalf the nullities in the settlement or conveyance, as relating to and affecting the interest of Thomas Stackhouse, one of the children of the second marriage, in the property, and permitting and providing by his decree that such nullities as to this interest should enure indirectly to their benefit, by permitting them to hold and possess this interest. This Thomas Stackhouse was a german brother of the plaintiff, a minor at the time of said settlement, and represented therein by his tutor, through whom a conveyance of his interest in the property was made to his mother. Although this conveyance was null, yet it was of that class of nullities that Thomas Stackhouse could have ratified. He lived many years here after he attained his majority and never set up any claim to the property, and by his silence and inaction must be presumed to have ratified the settlement in question. He is no party to this suit, and there is no right in the parties defending the suit to champion his claims and oppose them to plaintiff's demands. They cannot justify their possession of the property under the cover of such claim.

Thomas Stackhouse, were he living at the time of the trial of this cause in the District Court, would have been over fifty years of age. He left this city in 1863, and has never returned and never been heard from. We think the circumstances under which he left and the lapse of time since his disappearance fully justify the presumption of his death. It is true that time sufficient has not elapsed to give rise of itself, apart from attending circumstances, under the Articles of the Code, to the presumption of death. But the Code does not establish any arbitrary rule on the subject. It has been frequently held that the time for the establishment of the presumption of death, on account of absence, is not absolutely fixed and immutable, but is subject to be

modified according to the circumstances attending such absence. The lapse of time is but a circumstance to be considered in conjunction with other circumstances. Thus, a disappearance for a time under peculiar circumstances might produce a conviction of death, where ordinarily no such conclusion would follow or exist. As formerly said by this Court, "it is essentially within the province of the Judge to draw the line of distinction, by the exercise of a sound discretion, founded on the facts of each particular case." Suc. Vogel, 16 An. 139; 34 An. 848; C. C. 2288.

In this case Thomas Stackhouse had lived in this city all his life, till past the age of thirty. It was the place of his birth, and his only home and that of his mother and nearest relatives. He left during the existence of the late war between the States, a war which continued for years after his departure, and was attended with great destruction of human life. He joined one of the armies in the field. It seems absolutely certain that, had he survived the war, he would have returned to his home, or, at least, would have conveyed tidings to his expectant relatives that he still lived. He never came back; he was never heard of afterwards. We must presume he is dead. Such is the moral conviction, and upon such conviction courts are authorized to act. 9 Barbour, 595; 11 Barbour, 527; 4 N. Y. 259; 18 Johnson, 141; 13 Ves. 362; Park, Ins., 644; 1 Keen, 238; 1 Rawle, 373; 14 Sim. 28, 277; 1 Hall, N. P., 242; Best, 59, 192, 238; 1 Hall, 550; 62 Mo. 26.

The conveyance under which his mother and plaintiff's mother acquired his interest in the property, being held valid from implied ratification on his part, effect should have been given to it. If Thomas Stackhouse survived his mother, then he inherited equally with the plaintiff, his german sister, their mother's entire interest in the property, and that interest therein, at his death, passed to the plaintiff and the descendants of her half sister Margaret Stackhouse, Mrs. Turnell, who inherited such interest with the plaintiff, in the proportions determined by the law adjusting the respective rights of brothers and sisters of the whole blood, or of the half blood, or their descendants.

Whilst the lapse of time and the circumstances mentioned justify the presumption of the death of Thomas Stackhouse, they do not establish the presumption that he died before his mother, and the lack of such presumption legally fixes his death after that of his mother.

When Mrs. Stackhouse, plaintiff's mother, died, the respective interests of the parties, according to the estimate made by the District Judge, which we have examined and found correct, was as follows:

Ann, (plaintiff) share.................................5–12
Thomas Stackhouse, share............. .................5–12
Heirs of Margaret, (defendants) share...................1–6

Upon Thomas' death the plaintiff, as his sister of the whole blood, inherited one-half of his share, equal to 5–24, and an equal portion in the other half, that is, the half of 5–24, equal to 5–48. This added to plaintiff's 5–12, held by her at her mother's death, would make her entire share or interest 35–48 of the whole property.

The descendants of Margaret Stackhouse, the defendants herein, at the same time (at Mrs. Stackhouse's death) owned, according to the same estimate made by the lower Judge, 1–6 of the property. To this must be added 5–48, their interest in the share of Thomas Stackhouse, the half brother of their ancestress, Margaret, which make their entire interest 13–48 of the property.

There must be a corresponding change made in the proportion of the rent to which the plaintiff is entitled. There was rent owing by the defendant and lessee, Smith, when the suit was instituted, $140; of this amount, according to the interest of the plaintiff in the property now recognized, plaintiff would be entitled to recover $101.85, instead of $46.66 allowed by the Judge *a quo*. She is not entitled to recover rent from a subsequent period to the one mentioned, because the rent is recoverable from the *possessor*, and it is not shown that Smith's possession continued after the suit was brought. A proper reservation for any additional rent than that allowed was made in the judgment of the District Court.

We think the plaintiff is entitled to be put in possession of the property to the extent of her interest in the same now recognized. The possession to this extent and, in fact, the entire possession, has been in the adverse party, and there is no reason why this possession, at least to the extent of plaintiff's rights, should not yield to her superior claim.

It is, therefore, ordered, adjudged and decreed that the judgment of the lower court be amended by decreeing plaintiff the owner of 35–48 of the property in controversy, and that she be put in possession of her said interest, and recover rent therefor to the amount of $101.85, with a reservation of her claim for further rent from and after the date to which it is now allowed, and as thus amended the judgment is affirmed, defendants to pay costs of both Courts.

Bermudez, C. J., recused, having been of counsel.