ST. PAUL, J.
 

 ' This is a suit for a partition by licitation. The land to be partitioned belongs four-fifths to Mrs. Mary Larkin Marrero and her children, and one-fifth to Edward F. Nelson,
 
 if living,
 
 otherwise
 
 to Ms heirs,
 
 Guy McNair Nelson et al., the brothers and sisters of said Edward F. Nelson (or, as the district judge expressed it, twenty twenty-fifths to the Marreros and eight fortieths to the Nelsons).
 

 All parties are before the court either by appearance through counsel or by substituted service.
 

 I.
 

 The partition must be allowed since the Marreros demand it. R. C. C. 1289. This is not disputed.
 

 If Edward F. Nelson bo still
 
 alive,
 
 his share of the proceeds must be deposited in the registry of the court to be dealt with according to law. If he be
 
 dead,
 
 his share must be distributed between his heirs.
 

 The sole issue before the court is whether he be dead or alive, and accordingly what disposition shall be made of his share in the proceeds of the land.
 

 The trial judge found that Edward F. Nelson was dead and ordered his share distributed among his heirs.
 

 The Marreros have appealed, having an interest in seeing that the proceedings be regular and the partition binding on all parties.
 

 II.
 

 Before appearing in these proceedings, the heirs of Edward F. Nelson went before the probate judge of the parish wherein said land is situated (which had jurisdiction, since said Edward F. Nelson had no domicile in this state, C. P. 929), and made proof satisfactory to said judge, that Edward F. Nelson was dead and that they were his heirs; whereupon said judge recognized them as
 
 heirs
 
 of said Nelson, and put them in full possession of his estate. Tr. 86.
 

 III.
 

 The proof submitted to the probate judge, and repeated on the trial of this case, consisted of evidence that Nelson had not been heard from for more than 20 years, that he knew that he had an interest in said lands, that until that time he corresponded regularly with members of his family, that he was last heard from about a year before the great earthquake and fire at San Francisco (1906), that the house in which he was then living had been destroyed in said earthquake.
 
 *125
 
 and fire, and some 1,200 corpses could not be identified.
 

 We tbinli the probate judge had sufficient grounds for concluding from the foregoing that Edward Nelson was dead. Mere absence alone may not suffice to establish a death, but when taken in connection with other facts and circumstances it may suffice for concluding that the person who has disappeared is dead. Spreen v. Cassman, 10 Orleans App. 183; Boyd v. New England Mut. Life Ins. Co., 34 La. Ann. 848; Jamison v. Smith, 35 La. Ann. 609; Tobin v. U. S. Safe Deposit & Sav. Bank, 115 La. 366, 39 So. 33.
 

 IV.
 

 But beyond this, where the probate judge having jurisdiction has solemnly inquired into and solemnly declared the death of the person who had disappeared and the opening of his succession, his judgment thereon is conclusive until set aside in a proper proceeding or until it be shown conclusively that such person is still alive. Succession of Jones, 12 La. Ann. 397; Davis v. Greve & Wilderman, 32 La. Ann. 420; Rachel v. Jones, 34 La. Ann. 108.
 

 Decree.
 

 The judgment appealed from is therefore affirmed.