## CLAY et al. v. DISTRICT GRAND LODGE NO. 21, GRAND UNITED ORDER OF ODD FELLOWS OF LOUISIANA.
### No. 1353.

Court of Appeal of Louisiana. First Circuit.
May 8, 1934.

F. B. Smith, of New Orleans, for appellant.

Chas. E. Fernandez, of Franklin, for appellees.

MOUTON, Judge.

Plaintiff, appellee, filed a motion to dismiss the appeal, but is asking for damages for a frivolous appeal. The motion to dismiss must be considered as waived or abandoned.

### Merits.

The district judge rendered the following opinion and decree:

"This is a suit upon a policy of insurance, presenting the single question of the sufficiency of the proof of death of the person whose life was insured.

"John Robinson, the subject of the insurance, was an old man of about 85 years, feeble in body and in mind, and subject to recurrent heart attacks and epileptic fits, which would render him totally unconscious for periods of as long as twenty to thirty minutes. It is shown that he left his home, which was situated on Germania plantation in this parish, about the noon hour on April 25, 1932. The last person to see him was one Willie Roberson. He was seen by the said Roberson on a levee which runs along the rear line of the plantation, and which serves as a bank for a canal, having an approximate depth of ten to twelve feet. This levee leads into a deep swamp located in the rear of said plantation, and being interlaced with bayous, sloughs, and canals. At that particular time, the swamp was filled with water of approximately waist deep, and covered with water hyacinths, a condition then due to the annual high-water of that locality. It is shown that the insured was seen standing on the far line of the levee leading into the swamp, engaged in picking berries.

"It is further shown that the weather on that day was fair, but on that evening it turned suddenly very cold, together with a heavy rainfall and high wind. This bad weather condition lasted for a period of approximately eight days.

"On the evening of that day, the subject of the insurance not having returned to his home, a search was immediately started by

members of his family, assisted by brother members of the insurance lodge. The searchers were greatly handicapped due to the weather conditions, and though constant search was made for a period of almost three weeks, the insured was not found.

"It is further shown that the insured has never since been heard of. It is shown that the insured had the habit of wandering away from his home in the direction of the levee and swamp for the purpose of picking berries, and moss, he being too feeble to engage in any manual farm labor. On one prior occasion, it is shown that he became lost in the same swamp, which, however, was then comparatively dry and was located by searchers three days thereafter.

"Practically a year and a half has now elapsed since the date of the disappearance of the insured and to this date no tidings have yet been heard of him.

"Counsel for the defendant fraternal society contends that the duration of the absence of the insured without being heard of is not sufficient to support a legal presumption, equivalent to proof of death, under the articles of our code touching absentees and the various decisions of our Supreme Court in support of that contention. There can be no doubt that if the proof of death stood upon the bare presumption flowing exclusively from the mere disappearance of the insured, I would readily agree with that position.

"But our Supreme Court has held in various decisions, that the proof of death, like all other facts, may be established by circumstantial evidence, when, from the nature of the case, direct evidence is not accessible.

"In the case of Boyd v. New England Mutual Life Insurance Company, 34 La. Ann. 848, the court therein said:

" 'Absence, without being heard of, though not of sufficient duration to create a legal presumption of death, may yet be one of other attendant and supporting circumstances, which taken together, would satisfy the mind and conscience of a judge or jury that the party was dead. That is all that is required.

" 'Thus, disappearance under circumstances of shipwreck or earthquake, or battle, or explosion or like perils, might well produce such conviction. And this court has held that, in such matters, "It is essentially within the province of the Judge to draw the line of distinction, by the exercise of a sound discretion, founded on the facts of each particular case." Succession of Vogel, 16 La. Ann. 139 [79 Am.

Dec. 571]; Succession of Jones, 12 La. Ann. 397.'

"In the case of Davis, Administrator et al., v. Greve & Wilderman et al., 32 La. Ann. 420, the Court in that instance, maintained the sufficiency of the proof of death wherein it was shown that the deceased was an old man, of about 80 years, was last seen attempting to cross a lake, returning to his home, under weather conditions which were then dangerous, and in which search was futile.

"In the case of Jamison v. Smith, 35 La. Ann. 609, the Court therein stated:

" 'We think the circumstances under which he left and the lapse of time since his disappearance fully justify the presumption of his death. It is true that time sufficient has not elapsed to give rise of itself, apart from attending circumstances, under the articles of the code, to the presumption of death. But the code does not establish any arbitrary rule on the subject. It has been frequently held that the time for the establishment of a presumption of death, on account of absence, is not absolutely fixed and immutable, but is subject to be modified according to the circumstances attending such absence. Such lapse of time is but a circumstance to be considered in conjunction with other circumstances. Thus, a disappearance for a time under peculiar circumstances might produce the conviction of death, where undoubtedly no such conclusion would follow or exist.'

"The principle established as quoted above was again affirmed in McCaffrey v. Benson, 38 La. Ann. 198.

"Defendant has cited Succession of Herdman, 154 La. 477, 97 So. 664, in support of its contention. It will be readily observed that this case has no application to the case at bar, though the Supreme Court in that case reiterated its former doctrine. In that case, the court simply held that the presumption of death, based solely upon the lapse of time, without other attendant circumstances, would not be justified unless a century has passed since the party's birth.

"In the case at bar, there are many circumstances, besides the mere disappearance, which to my mind, convince me that the subject of the insurance is dead. These circumstances need not again be particularized, because they are contained in my statement of facts. In my mind and conscience, due to the particular facts of this case, they plainly indicate that the insured is no longer living, and that he perished in the locality in which

he was last seen. His extreme old age and helplessness, the topography of the terrain, the weather conditions which then existed and continued for over a week, satisfy me that the insured could not have lived under such circumstances. His disappearance and absence for over a year and a half plainly support my conviction of his death. It is shown that his few wanderings were confined to that area of the plantation on which he lived. He was not one, due to his old age, feebleness of mind and body, who was inclined to, or ever, left his home for any period of time, other than the occasion of his absence for three days due to being lost in the same locality. After listening attentively to the witnesses, observing their demeanor, I am convinced of their credibility.

"It is shown that the insured was issued a policy by the defendant fraternal society, on May 2, 1902, and was at the time of his death, in the latter part of April, 1932, a member in good standing, his dues having been regularly paid. The policy of insurance provides that if death should occur after sixty months from the date of the policy, the beneficiaries are entitled to the sum of $500.00. The insured having died after sixty months of the date of the policy, plaintiffs who are the named beneficiaries are jointly entitled to that amount.

"Plaintiffs contend that they are likewise entitled to the sum of $65.00 due by the defendant fraternal society under the rules and regulations of the burial department of said society.

"This contention is without merit. The rules and regulations of the burial department of said fraternal society provide that the burial department, upon the death of one insured member, shall pay to the subordinate lodge the sum of $65.00 to defray the burial expenses. It is shown that this amount, under its rules and regulations, is paid by the subordinate lodge to the person or persons who have incurred the burial expenses. It may be paid, under the rules, to the undertaker, who has officiated, or to the family of the deceased who have incurred the charges. This department was organized for the purpose of providing decent burials for deceased members.

"In the case at bar, the plaintiffs, nor anyone else, have incurred any expenses of that character. The body of the deceased has at no time been found. Consequently, no burial charges having been incurred, no claim can be legally maintained for that item.

"For these reasons, let there be judgment in favor of the plaintiffs, ordering the defendant fraternal society to pay unto the former the sum of $500.00 due under the policy of insurance issues therein on the life of the said John Robinson, now deceased, with legal interest from judicial demand until paid. All costs of this proceeding to be borne by the defendant."

The only defense is that plaintiffs are relying, solely, on the absence of John Robinson, the insured, since his disappearance on the 25th of April, 1932, for proof of his death. If it were true that plaintiffs are depending for recovery altogether on that fact, evidently, counsel for defendant would be correct in his contention, that there could not be a presumption of death because of the mere absence of John Robinson as he was not 100 years of age when he disappeared. Counsel for defendant is supported in this contention by several decisions to which he refers.

It is, however, evident, from the opinion of the district judge above reproduced, that he did not rest his finding that the assured was dead on proof of his mere absence. The lapse of time following the absence of a person, it is clearly pointed out by the trial judge, is but a circumstance to be considered with other facts and circumstances for proof of death. This clearly appears from the reference by the court to the case of Boyd v. New England Mutual Life Insurance Company, 34 La. Ann. 848, where the court said:

"Absence, without being heard of, though not of sufficient duration to create a legal presumption of death, may yet be one of other attendant and supporting circumstances which, taken together, would satisfy the mind and conscience of the judge or jury that the party was dead. This is all that is required."

The district judge in his well-considered opinion refers to the facts and circumstances of the case, not necessary to be referred to, which unquestionably support the circumstance of absence of the insured, that are of a character to convince the judicial mind that the assured is dead, and as was said in Boyd suit, above cited, "this is all that is required."

The case of Boyd cited by the court is in line with other decisions of our courts on this subject and was properly applied to the facts and circumstances of this case.

Finding no error in the judgment appealed from, it is affirmed with cost.