## VIOLA SMITH v. GEORGE SLADOVICH AND ANDREW ROSENGARTEN, Appellants.

(February 1, 1926. Opinion and Decree.)

*(Syllabus by the Court.)*

1. **Louisiana Digest — Automobiles — Par. 6 (a).**

A major son of the owner of an automobile will be held responsible for the negligent operation of the automobile by his friend and guest whom he permits to drive the car when it appears that he was present in the automobile which was being driven in his interest upon an errand of business or pleasure.

(Civil Code, Art. 2315. Editor's note.)

2. **Louisiana Digest—Appeal—Par. 594.**

Where two trial courts reviewing the same facts testified to by the same witnesses, but in different suits, independently reach the same conclusion, an appellate court will be most reluctant to disturb the findings of fact thus reached, and a strong presumption of the correctness of such findings obtains.

Appeal from the Civil District Court in and for the Parish of Orleans, Division "F," Hon. Percy Saint, Judge.

This is a suit for physical injuries which plaintiff alleges she received as a result of her being run down and injured by an automobile. There was judgment for plaintiff against both defendants insolido and they have appealed. Judgment amended and affirmed.

Jno. J. Wingrave of New Orleans, attorney for plaintiff, appellee.

Eraste Vidrine and J. T. Convery of New Orleans, attorneys for defendant appellant.

WESTERFIELD, J. This is a suit for physical injuries which plaintiff alleges she received as a result of being run down and injured by an automobile belonging to Abel Rosengarten. Plaintiff first sued Abel Rosengarten, but, it appearing from the evidence that the automobile at the time of the accident was in charge of Andrew Rosengarten, Abel Rosengarten's major son, and was being driven by George Sladovich, Jr., a friend of the younger Rosengarten, without the knowledge of the owner of the car and for the pleasure of the son and his friend, this Court under the number 9265 of the docket affirmed a judgment of the District Court dismissing the suit against the owner of the car.

The present suit is against Andrew Rosengarten and George Sladovich, Jr. The District Court rendered a judgment for plaintiff against both defendants in solido in the sum of $790.00 and they have appealed.

Two contradictory accounts of the accident appear in the record. Plaintiff, who is a negress employed as a cook, says that she was standing on the banquette near the curb at the corner of St. Charles Avenue and Third Street, looking in the direction of traffic and waiting for an opportunity to cross to the neutral ground, when "suddenly, without warning, without blowing his horn, but blinded by the powerful headlight of an automobile, petitioner was knocked into Third Street." Plaintiff is corroborated by Edna Dancy, another negress, who happened to be present and who was a stranger to plaintiff.

The defendants, sworn as witnesses in their own behalf, say that plaintiff "is not entitled to recover, for her injuries were the result exclusively of her own negligence in proceeding diagonally across the roadway on the east or river side of St. Charles Avenue, from the sidewalk on the southeast corner of St. Charles Avenue and Third Street, toward the lower or

north line of Third Street and the eastern or river side line of the neutral ground in St. Charles Avenue, and suddenly, unexpectedly and rapidly moving into the path of the said automobile at such a short distance from it, that there was no human possibility on the part of respondents of preventing or reverting a collision between her and the said automobile."

It will be seen that practically the only thing which both sides have agreed upon is the fact of collision. On the one hand, we have the plaintiff and a witness who appears to be totally disinterested and on the other the two defendants. No other witnesses have appeared in the case. The district judge evidently believed plaintiff and her witness, as did the judge who tried the first case against Rosengarten, Senior, for in deciding that defendant could not be held responsible for the accident, he remarked that plaintiff "was injured by the negligent operation of defendant's automobile."

Under the circumstances, we cannot say the conclusions of fact of the trial judge were manifestly erroneous, and we conclude on this point that plaintiff is entitled to recover.

But the defendant Rosengarten insists that he cannot be held liable, because he was not driving the car at the time of the accident. Rosengarten, it appears, had the privilege of using his father's car, and he and his friend, Sladovich, were riding in it when the accident occurred. Sladovich was driving, having been given permission by Rosengarten to run it. It has been held that:

"The liability of an owner who keeps an automobile for the use and pleasure of himself and family extends to the negligent acts of one to whom a member of the family, authorized to use the car temporarily, entrusts the operation thereof, but not relinquishing control over the car nor leaving the same to his sole care."

Berry on Automobiles, Fourth Edition, Sec. 1341, p. 1186.

We do not go that far, but we think that when a major son uses the family car and employs or permits another to drive him, that he controls the operation of the car and is responsible for its negligent handling. This is not a case of lending a car to a friend who uses it for his own purposes and uncontrolled by the owner or lender. The principle of master and servant applies here, the only distinction being the absence of compensation. Sladovich was not a volunteer. He had obtained the permission of Rosengarten. If Rosengarten, Junior, had been the owner of the car, there could have been no question of his liability. We think he is in the position of owner so far as his responsibility for the operation of the car is concerned.

"One in possession and in charge of an automobile and using it for his own purpose, is under obligation so to use it as not to injure another; and he cannot escape liability for failure so to use it by procuring another to drive for him." Catalano vs. Neguslona, 9407 Orl. App. Cusimano vs. Durnin, 7457 Orl. App.

See also where defendant was guest of chauffeur. 130 N. W. 336, 176 Pac. 326, 91 S. E. 632. In this case chauffeur was guest and co-defendant.

There remains the question of quantum.

Plaintiff claims to have incurred a doctor's bill of $100.00 and a drug bill of $40.00 and suffered a loss in earnings of $150.00 and she asks for "compensatory damages" the modest sum of $9710.00, or a total of $10,000.00. Her injuries are described as "serious and internal injuries to her body and limbs; contusions of the left leg and abdomen".

We do not know what is meant by internal injuries to her limbs nor does the record enlighten us. There is no evidence

of internal injury of any sort. She complains of pains in her abdomen but no medical testimony of a satisfactory nature upon which to base an opinion of her condition in that regard is of record. The trial court awarded her $790.00 and we think it should be reduced to $500.00.

For the reasons assigned, the judgment appealed from is amended to the extent of reducing the amount awarded plaintiff to five hundred ($500.00) dollars, the defendant to pay all costs.