No. 2724

Second Circuit

NELMS v. HANKINS BROS.

(Nov. 6, 1926.   Opinion and Decree.)

*(Syllabus by the Editor.)*

1. Louisiana    Digest—Appeal—Par.    482, 518.

An appeal will be dismissed where a transcript was presented to the clerk of the court without the evidence, he being prohibited under the rules of the court, from filing it.

2. Louisiana   Digest — Appeal — Par.   482, 483.

The clerk of the court is not required to file any transcript until the usual filing fee is paid, and if not paid by the return day, the appeal will be dismissed.

Appeal from the Tenth Judicial District Court of Louisiana, Parish of Natchitoches. Hon. John F. Stephens, Judge.

Action by Jerry Nelms against Hankins Brothers.

There was judgment for defendants and plaintiff appealed.

Appeal dismissed.

J. W. Jones, Jr., of Natchitoches, attorney for plaintiff, appellant.

S. R. Thomas, of Coushatta, attorney for defendants, appellees.

ON MOTION TO DISMISS APPEAL
ODOM, J.    According to the minutes of the District Court, there was judgment rendered rejecting plaintiff's demand on December 19, 1925.

On December 28, 1925, plaintiff asked for and was granted an order of appeal made returnable to this court on February 23, 1926.

It seems that the appeal was not perfected.

At the request of plaintiff, another appeal was granted on February 6, 1926, and made returnable to this court on or before March 15, 1926.

Having failed to perfect this appeal, another appeal was granted on April 7, 1926, made returnable to this court on or before April 26, 1926.

The transcript was finally lodged in this court on June 2, 1926, or thirty-seven days after the return day had expired.

Appellant asked for no extension of time in which to perfect the appeal and the time was not extended by consent of the parties.

Appellees have filed a motion in this court to dismiss the appeal on the ground that the transcript was not filed in time.

The appeal should be dismissed.

Bourgh vs. Hester, 1 La. App. 152.

Laiche, et al., vs. Martin, et al., 135 La. 798, 66 So. 226.

Counsel for appellant states, in his answer to the motion to dismiss, that the deputy clerk of the District Court failed to file or to deliver the transcript to the clerk of the Court of Appeal on or by the 26th day of April, the return day fixed by the district judge, but that he did—

"* * * *deliver said transcript, less the evidence of said* cause, to the said clerk of this Honorable Court (Court of Appeal) on the 27th day of April, 1926, *without the deposit of five dollars filing fee.*" Italics ours.

Counsel thereby set out two reasons why the clerk of this court was not required to file the transcript—

1. Because the transcript was not complete, and

2. Because no filing fee accompanied the transcript.

Rule II of this court provides that—

"In preparing the record for appeal to this court the clerks of the District Courts shall bind or fasten the pleadings, evidence and all documents filed in the case, except such documents and articles as cannot be conveniently so bound, in book form, fastened together at the side or top of the pages and covered with cardboard," etc.

And—

"It shall be the duty of the clerk of this court to refuse to receive, file or docket in this court any record not so made up in accordance with the foregoing rule."

The transcript having been presented to the clerk of this court without the evidence, he was prohibited, under the rule, from filing it.

The filing fee of $5.00 was not paid.

Rule I of this court reads as follows—

"Rules of practice regulating appeals and proceedings in the Supreme Court of Louisiana shall under Section 27, Article VII of the Constitution apply to appeals and proceedings in this court so far as they may be applicable."

Rule II of the Supreme Court reads as follows—

"The clerk of this court shall not be required to render services in his official capacity, whether by way of filing transcripts or otherwise, save upon the payment of such costs as the law allows."

The clerk of this court is not required to file any transcript until the usual filing fee is paid.

Counsel, in his answer to the motion to dismiss, sets up that it was the clerk's duty to file the transcript as soon as received—

"* * * though it may not have been his duty to place the same on the docket of this Honorable Court."

Counsel's position is not supported either by law, rules of the court or custom. Attorneys who practice before this court all understand that it is now and has always been the rule that no transcript can be filed in this court without payment of the fee of $5.00.

That counsel for appellant so understood is evidenced by the fact that he paid the fee when the transcript was filed on June 2, 1926.

For the reasons assigned, it is ordered that the appeal in this case be dismissed at appellant's costs.