No. 3878

Second Circuit

___

## DUPUY ET AL. v. PHILLIPS ET AL.

___

(November 7, 1930.   Opinion and Decree.)

___

L. K. Watkins, of Minden, attorney for plaintiffs, appellants.

Stewart & Stewart, of Minden, attorneys for E. T. McGovern.

DREW, J.   The judgment in this case was rendered on May 23, 1930, and an order granted in open court for appeal and the amount of bond, both suspensive and devolutive, fixed by the court, the return day being fixed for June 16, 1930.   On May 29, 1930, the appeal bond was filed with the clerk of the district court, and on June 18, 1930, the $5 deposit necessary to accompany the appeal was given to the clerk of the district court.   The record was ready to be forwarded to this court on that day, but, due to the office of the express company being closed, it was not forwarded until the following day, which was the last day of grace.

The train service from Minden to Shreveport is double daily, and for some unaccountable reason the record did not reach this court until the 20th of June, one day after the three days of grace allowed, and was filed in this court on that date.

Appellee has filed in this court a motion to dismiss the appeal, for the reason that the appeal was not lodged in this court until after the expiration of the return day.

The following certificate appears in the record and is signed by the chief deputy clerk of the Twenty-Sixth district court, Webster parish, La.:

"I hereby certify, under my official signature and seal of office that in the above entitled case, bond for suspensive appeal was filed on the 29th day of May, 1930, and orders for the record to be made up for the appeal were given by attorneys for the appellants.

"There was some delay in finding the different suits to make up the record in this case, but the work was completed on the 18th day of June in ample time for the transcript to reach Shreveport where the

Court of Appeals held its sessions before the legal delays for appeal expired. The attorneys for the appellants were notified of the completion of the record and they immediately deposited $5.00 for cost of appeal and gave orders for the record to be forwarded immediately to the Clerk of the Court of Appeal, at Shreveport, Louisiana.

"I further certify that the record was carried to the Express office to be expressed on the 18th of June, but the office was closed for some unknown reason and was not forwarded until the 19th, but the attorneys for the appellants were given no notice whatever of this unforeseen delay. The deposit of $5.00 to pay cost of Court of Appeals was forwarded at the same time in a check to the Clerk of the Court of Appeals, which check duly paid and cancelled is hereto annexed as a part of this certificate. The Clerk of the Court of Appeals gave no notice to the Clerk of this Court or any of his deputies that the record or the deposit for cost had not been received by him, and the first notice that the Clerk or any of his deputies had that the record had not been filed within legal delays for appeal came through the attorneys for the appellants who had a letter dated September 19, 1930, stating that the motion to dismiss the appeal would be tried when Court met the first day of October, 1930.

"Signed officially this the 25th day of September, 1930.

"W. C. McKinney, Chief Deputy,
"Clerk of 26th District Court, Webster
Parish, Louisiana."

The facts disclosed by the record and the above certificate clearly show that the appellants have done all the law required in order to perfect their appeal.

Act No. 32 of 1910, reads as follows:

"Be it enacted by the General Assembly of the State of Louisiana, That the respective Clerks of the District Courts throughout the State, those of the Parish of Orleans excepted, shall, whenever advance deposits for costs of appeal to Courts of Appeal have been made with them, transmit, with the records in the appealed cases, to the Clerks of the Courts of Appeal, the said advanced deposits."

The deposit was made within the delay granted for appeal and no objection can be made to that. It is the duty of the clerk of the district court to return the record into the Court of Appeal within the return day, and his failure to do so cannot be imputed to the appellant. However, a different rule is applicable in regard to appeal to the Supreme Court.

The Supreme Court in the case of Stockbridge v. Martin, reported in 162 La. 601, 110 So. 828, 829, has passed directly on this point, and we quote from that decision:

"Article 7, sec. 27, Constitution of 1921, provides that the rules of practice regulating appeals and proceedings in the Supreme Court shall apply to appeals and proceedings in the Courts of Appeal so far as they may be applicable, and it further provided that all cases on appeal to the Courts of Appeal shall be tried on the original records, pleadings, and evidence.

"The Court of Appeal of the Second circuit adopted a rule providing the method of preparing the records by the clerks of the district court and directed that such original records, as made up, should be sent to the Court of Appeal, by the clerk of the district court, in time to be filed in that court on or before the return day.

"Under the above rule and the provision requiring cases to be tried on the original record as made up in the trial court, it is manifest that the rule which prevails in the Supreme Court with regard to the abandonment of appeal by failure of the appellant to file the transcript in time is not applicable and should not be en-

forced against an appellant in an appeal to the Court of Appeal, where the clerk of the court fails to transmit the record to the Court of Appeal on or before the return day.

"In appeals to the Supreme Court, the appellant has control over the transcript. The transcript is made up at his request and is paid for by him, and it is his duty to see that such transcript is filed in this court within the legal delay.

"If he fails to do so, the presumption is conclusive against him that he has abandoned his appeal.

"This cannot be true with respect to appeals to the Court of Appeal. The appellant has no control over the record.

"That record is a part of the archives of the court and is under the control of the clerk until delivered to the clerk of the Court of Appeal. The duty of filing the record with the Court of Appeal is imposed upon the clerk of the district court and not upon the appellant, and the failure of the clerk to perform that duty cannot be imputed to the appellant.

"The appellant in this case did everything that was expected or required of him in the perfection of his appeal. He could not know in advance that the clerk would not transmit the record before the expiration of the return day, and hence was without a legal remedy to force the clerk to perform the duty required of him in transmitting the record to the appellate court.

"To apply the rule of this court to the Courts of Appeal would be to penalize an appellant by the loss of his appeal for the omission and neglect of the clerk of court, for which the appellant was not responsible and over which he had no control."

The above decision fully covers all questions raised in the motion to dismiss the appeal now before us.

It is therefore ordered, adjudged, and decreed that the motion to dismiss the appeal is overruled.