No. 3898

Second Circuit

JOHNSON v. OIL CITY BANK

(November 7, 1930. Opinion and Decree.)

R. D. Fuller, of Shreveport, attorney for plaintiff, appellant.

Cook & Cook, of Shreveport, attorneys for defendant, appellee.

DREW, J. This case was tried in the district court of Caddo parish. On May

10, 1930, judgment was rendered rejecting the demands of the plaintiff. The judgment was signed on May 21, 1930, and on June 4th following, motion for devolutive appeal was made and granted and made returnable to the Circuit Court of Appeal for the Second Circuit, at Shreveport, La. The return day was fixed for July 7, 1930. On July 2, 1930, the appeal bond was filed with the clerk of the district court, and he forwarded the record to the clerk of court of the Circuit Court of Appeal, in accordance with his duties under the law. The record reached this court within the delays allowed by law, but was not filed by the clerk of this court for the reason that the deposit for the costs of appeal was not made by appellant.

On July 18th, eight days after the legal delays for perfecting the appeal had elapsed, the appellee deposited the costs for appeal with the clerk of this court and filed a motion to have the appeal dismissed for failure of the appellant to lodge same here within the legal delays allowed by law. The case is before us on this motion to dismiss.

Section 28 of article 7 of the Constitution of Louisiana 1921 provides that the costs of appeal of any case appealed to the Circuit Court of Appeal for either the First or Second Circuit shall not exceed $5. Under the rules of this court, the cost of appeal in all cases is fixed at $5 and same is required to be deposited with the clerk of this court on or before the filing of the transcript in this court. Act No. 32 of 1910 authorizes the costs of appeal to be filed either with the clerk of this court or deposited with the district clerk of the parish from which the appeal is taken, and, in that instance, makes it the duty of the district clerk to forward same to the clerk of this court at the time of forwarding the transcript of appeal.

In this case, the appellant did not deposit the costs of appeal with either the clerk of the district court or the clerk of this court, and consequently his appeal was never filed or returned into this court.

The appellee under authority of articles 589 and 590 of the Code of Practice had the appeal returned into this court by paying the appeal costs to the clerk of this court and then filed motion for its dismissal. We think the appellee has followed the letter of the law, and that his motion to dismiss should be sustained.

Appellant contends that he complied with all other duties imposed upon him to perfect his appeal and that it should not be dismissed for his failure or neglect to make the necessary deposit for costs of appeal. If his contention was upheld, it would be possible for one who has lost a case in the lower court to ask for orders of appeal, give appeal bond, and have the clerk of the district court forward the transcript to this court, never make his deposit for costs of appeal, and, in that manner, indefinitely postpone the execution of the judgment, unless the appellee should pay the appeal costs and have the appeal lodged in this court. That would impose upon the appellee the burden of perfecting the appeal for appellant, which was never intended.

The appellant has failed to return the transcript of appeal into this court within the legal delays allowed by law, and his appeal will have to be dismissed.

It is therefore ordered, adjudged, and decreed that the appeal in this case is dismissed, with all costs.