No. 4034

Second Circuit

MOREHOUSE LUMBER & BUILDING MATERIAL CO., INC., v. JACOB & WALKER

(C. N. STOREY and BASTROP REALTY CO., Garnishees)

(July 14, 1931. Opinion and Decree.)

Madison & Madison, of Bastrop, attorneys for plaintiff, appellant.

Frank M. Hawthorne and W. Dan Files, of Bastrop, attorneys for defendants, appellees.

ON MOTION TO DISMISS

DREW, J. The judgment in this case was signed in the lower court on March 22, 1930; orders of appeal were granted on the same day, made returnable April 26, 1930, and fixing the bonds therefor. Appellant filed bonds, both devolutive and suspensive, in the proper amounts, with the clerk of the district court on April 1, 1930. The filing fee of $5, covering the cost of appeal required to be deposited with the clerk of the Court of Appeal or district court clerk, was actually forwarded by the district court clerk to the clerk of the Court of Appeal and by him received and deposited before the expiration of the return day, as is shown by the canceled check and letters from the clerk of the Court of Appeal, which are in the record, as well as by a certificate by the clerk of court of Morehouse parish, which reads as follows:

"Morehouse Lumber & Building Material Co., Inc., vs. Jacob & Walker, W. Z. Jacob & J. O. Walker; C. N. Storey & Bastrop Realty Company, Garnishee.
"State of Louisiana, Parish of Morehouse. Fourth District Court.
'This is to certify that this case was tried in this Court, judgment rendered, and orders of appeal granted to Hon. Court of Appeal, Second Circuit, and made returnable on or before May 15th, 1930. The necessary bonds were duly executed before the time limit expired, and on April 26, 1930, I mailed my check for filing fee, which check was endorsed and deposited by the Clerk of the Court of Appeal, and at the same time enclosed an affidavit for an extension of time, as the note of evi-

dence at that time could not be found.

"The delay in sending the record up was occasioned solely by the fact that the note of evidence was misplaced, and in no case by any act on the part of attorneys for the plaintiffs.

"Given under my hand and seal of office at Bastrop, Louisiana, this April 9th, 1931.

"J. T. Dalton, Jr., Clerk."

The clerk of the district court failed to return the record into this court until February 11, 1931, for the reason that the note of evidence had been misplaced. The record clearly shows that it was through no fault of appellant. It did all that it was required to do when it filed bond and the $5 deposited for cost was forwarded to and received by the clerk of the Court of Appeal within day fixed. The law is clear that the $5 deposited for cost of appeal may be filed with the clerk of the district court or the clerk of the Court of Appeal. If deposited with the district clerk, it is his duty to forward same to the clerk of the Court of Appeal. Act No. 32 of 1910.

Whether appellant in this case deposited the money with the district clerk or, through some working arrangement between them, the district clerk sent his own money, is immaterial. The fact remains that the necessary deposit required was received by the clerk of the Court of Appeal to cover cost in this particular case before the expiration of the return day.

There is a great difference between the duty of appellant to lodge his transcript in the Court of Appeal and his duty to lodge it in the Supreme Court, and the reasons are obvious. This question was thoroughly discussed by the Supreme Court in the case of Stockbridge v. Martin, 162 La. 602, 110 So. 828; and likewise discussed by this court in the recent decision of Dupuy et al. v. Phillips et al., 14 La. App. 696, 130 So.

855. It was through no fault of appellant that the transcript was not lodged in this court before the expiration of the return day. It had performed all the duties required in order to perfect its appeal, and the motion to dismiss will have to be overruled.

It is therefore ordered, adjudged, and decreed that the motion to dismiss the appeal herein is overruled.