**DANNA v. YAZOO & M. V. R. CO. et al.**[*]
No. 4740.

Court of Appeal of Louisiana. Second
Circuit.
May 4, 1934.

Thompson & Thompson, of Monroe, for appellants.

Joseph S. Guerriero, of Monroe, and W. H. Betts, of Hempstead, Tex., for appellee.

TALIAFERRO, Judge.

Defendants appealed suspensively from a judgment rendered against them. September 1, 1933, was the return day for the appeal. The record was received by the clerk of this court several days prior to the return day, but was not filed by him because the advance deposit of $5, authorized by law and required by our rule No. 3, had not been paid. This deposit was made by defendants' attorneys on September 7th and the record then duly filed. Plaintiff, on March 7, 1934, filed motion to dismiss the appeal because of the

tardy filing of the record here, alleging, as is true, that the time for perfecting the appeal in this court had not been extended, nor extension asked for. On April 2d, he filed a second motion to dismiss the appeal on the ground that the transcript was not timely filed, and because the filing fee was not paid until September 7th, the day the transcript was marked "Filed" by the clerk.

Counsel of appellants argue that the first motion should not be considered by us because it was not filed within three days after the appeal was lodged in this court, and because the motion, on its face, disclosed that, if the transcript were not filed or received before the return day, the fault was that of the clerk of the lower court, or the clerk of this court, and not the fault of appellants; and to the second motion to dismiss, they also urge that it was not timely filed, and that it does not specify the amount of filing fee required, nor refer to any law requiring deposit thereof within any definite time. Appellants' energetic counsel have exhaustively briefed the points urged by them in support of their contention that the appeal should not be dismissed, and vigorously attack the rule which forbids the clerk of this court to file the record in any case until the required deposit has been made. While conceding that such a fee may be required of an appellant, they vehemently assert and argue that the penalty of dismissal of the appeal is not authorized nor required by law, nor justified in reason or equity, simply because it is not advanced to the clerk prior to the last day within which the transcript may be timely filed.

Section 28, article 7 of the Constitution, provides that: "The costs of appeal in any case appealed to the Courts of Appeal of the First and Second Circuits shall not exceed five dollars." And Act No. 53 of 1926 (section 3) provides that: "The deposit of Five Dollars required to be paid for the cost of appeal to said Courts shall be apportioned and disbursed by said Clerks in such manner as shall be directed and prescribed by the Judges of said Courts."

Pursuant to these authoritative permits, this court adopted and promulgated its rule No. 3 which, after directing the method and manner the clerk should follow in filing, numbering, and docketing appeals received by his office, says: "No case will be filed by the Clerk until after a deposit of $5.00 has been made."

■■ No discretion whatever is vested in the clerk under this rule. Until the deposit is made, he has no authority to file, but, on the contrary, is prohibited from filing the transcript; and if the deposit is only made subsequent to expiration of the return day and grace period of three days following same, it follows that the transcript filed thereafter is not timely filed, though it may have been actually received by the clerk prior to expiration of the period within which the timeliness of its filing could not have been questioned.

This court has held in many cases that until the filing fee has been paid to the clerk, he has no right to file a transcript, and that when the fee is not paid, or only paid after the expiration of the period of grace, the appeal would not be considered, but dismissed on motion. Nelms v. Hankins Brothers, 5 La. App. 733; Johnson v. Oil City Bank, 14 La. App. 698, 130 So. 854.

Our brothers of the First Circuit are in accord with us in this respect. Wiggins v. Texas & New Orleans Railway Co., 17 La. App. 31, 135 So. 265.

Section 27, article 7 of the Constitution, reads:

"All cases on appeal to the Courts of Appeal shall be tried on the original record, pleadings and evidence.

"The rules of practice regulating appeals to and proceedings in the Supreme Court shall apply to appeals and proceedings in the Courts of Appeal, so far as they may be applicable, until otherwise provided."

■■ In Stockbridge v. Martin et al., 162 La. 602, 110 So. 828, the court held that its rule, to the effect that it would be conclusively presumed that an appeal had been abandoned by appellant where he failed to file transcript in time, was not applicable in the Court of Appeal, notwithstanding article 7, § 27 of the Constitution, because, and for the reason, that the rules of the Court of Appeal directed the clerk of the district court to prepare and deliver the transcript, composed of the original record in the case, in the appellate court within the time required by law; whereas, filing of transcript in appeals to the Supreme Court is entirely under the control, and is the duty, of the appellant, and the failure to do so timely may only be imputed to him. It has been repeatedly held by us that, even though a transcript is not timely filed in this court, unless the fault is imputable to appellant, the appeal will not be dismissed. If the appellant has done all he is legally required to do, the blame for tardy filing of transcript will not be visited upon him. After securing order of appeal in open court during the session wherein the judgment was rendered and signed, furnishing of

proper bond and timely deposit of the fee required by law and rule of the court, an appellant has done all the law requires him to do to perfect his appeal here. It is the clerk's duty to see that the record or transcript, made up of original papers, of which he is custodian, is timely filed. Stockbridge v. Martin, supra; Dupuy v. Phillips, 14 La. App. 696, 130 So. 855; Morehouse Lbr. & Bldg. Material Co. v. Jacob & Walker, 17 La. App. 409, 136 So. 106.

Act No. 32 of 1910 requires the clerks of the district courts, when the advance deposit for cost of appeal has been made to them, to transmit same, with the record in the case, to the clerks of the Courts of Appeal. The appellant may or may not leave the fee with the clerk of the lower court. If he does not do so, then it becomes his duty personally to transmit same to the Court of Appeal clerk. The clerk of the district court is not required to advance such fee though satisfactory suspensive appeal bond be given.

In the instant case no fault for tardy filing of the record is imputable to the clerk of the court below because, as said before, the record was delivered by him here before the return day of the appeal, and the fee was not deposited with him.

 Appellants strenuously contend that, as the motions to dismiss the appeal were not filed within three days of the filing of the record here, they are too late. This position is not well founded. It is true that motions to dismiss appeals because of informalities and irregularities in the order of appeal, or in the appeal bond, and which are not essential or jurisdictional, and which do not strike at the foundation of the right of appeal, must be filed within said time; but where the motion to dismiss is based upon irregularities or omissions essential in character, or upon the lack of jurisdiction for any cause, such motion is timely and will be considered, when filed at any time before final decree. This question is lucidly discussed by Judge Claiborne in Power v. Christina, 7 La. App. 651, wherein he cites quite an array of decisions on the point. Appellate courts may even take judicial cognizance of their lack of jurisdiction, or of the fact of absence of an order of appeal from the record, and dismiss an appeal on their own motion. Dupre, Tutrix, v. Mouton, Adm'r, 23 La. Ann. 543; Phillips v. His Creditors, 35 La. Ann. 935; Gagneaux v. Desonier, 104 La. 648, 29 So. 282.

 Our own rule (No. 10) provides that motions to dismiss must be in writing and filed with the clerk "within the delay fixed by law." The law to which this rule relates is that found in the articles of the Code of Practice (articles 589, 591, 886), and the decisions of the courts, especially of the Supreme Court, interpreting and applying same. There is no law of which we have knowledge, or to which we have been referred, that regulates and governs the filing of motions to dismiss appeals in the Courts of Appeal differently from such motions when filed in the Supreme Court, and this being true, the interpretation of these articles, as regards motions to dismiss, by the Supreme Court, is controlling of such matters arising in the courts of appeal.

In Boudreaux v. Boudreaux, 122 La. 433, 47 So. 758, 759, it was held: "The motion to dismiss was filed more than three days after the filing of the transcript; but a motion to dismiss, based on the tardy filing of the transcript, need not be filed within the three days following the filing of the transcript."

And in Hudson v. Garrett, Sheriff, 47 La. Ann. 1535, 18 So. 510, the court said: "The motion to dismiss was filed on the 7th of June, 1895, more than three days after the transcript was filed. The appellant contends that the motion was filed too late. The motion to dismiss is not based on any informalities or irregularities in bringing up the appeal, whch would require the motion to be filed within three days; but it is based on the fact that the transcript was not filed in time, the presumption being that the appellant, failing to file it in time, has abandoned his appeal. In such a case the motion can be filed at any time. Dwight v. McMillen, 4 La. Ann. 350; McDonogh v. DeGruys, 10 La. Ann. 76."

Counsel argue that as the right of appeal is guaranteed to all litigants by the Constitution and laws of the state, it would be virtually a travesty on justice and a denial of a right founded in the Constitution to dismiss this appeal for the sole and simple reason that the bagatelle of $5 was deposited with the clerk some three days too late. On the face of the record it does appear harsh to inflict the penalty of dismissal, but if the rule means anything and is to accomplish the purpose intended by its adoption, it must be enforced as written. If exceptions should be written into it to govern a certain case, where will such a practice lead to? Counsel suggest that the rule should be so enforced as to not dismiss the appeal, where the facts are as we are now considering, but that the penalty should consist in not docketing the case or placing it on the calendar for argument, until the advance deposit has been made.

368

This would give the appellant perfect control of the time of disposition of a case on appeal.

The deposit in advance of filing transcript, like the order of and bond for appeal, is purely a condition precedent to the perfection of the appeal in the appellate court. It may be likened unto the advance cost of $10 which must be paid to the clerk of the district court and which he is entitled to "demand and receive" before a suit (with some exceptions) will be filed by him, and this too notwithstanding the right to sue is absolute. Analogous to this line of reasoning, the case of Thibodeaux v. Cayard, 52 La. Ann. 1374, 27 So. 737, 738, is pertinent. In that case the transcript was not delivered by the clerk of court to appellant so as to be timely filed because he would not pay the clerk his costs for preparing it. The return day was extended the second time upon appellant's application wherein the true facts were not frankly disclosed. The court dismissed the appeal and, after stating the true facts as to why the second extension of time was requested, said: "Had these facts been brought to the attention of the court, the second extension of return day would have been denied."

The effect of the dismissal of the appeal was a penalty inflicted upon appellant because he did not pay the costs of the preparation of the transcript in time for it to be timely filed during the first extension.

Counsel also argue that: "If appellants, as a condition precedent to the filing of this transcript, are required to pay a filing fee, which we respectfully submit that they are not, then this is a question of fact of which the court can not take cognizance but must require, as is required of any other fact, that appellee prove same. We submit that the appellee did not prove nor did he offer to prove that this fee had not been paid until September 7th."

This reasoning is not tenable. If this court cannot accept as true the official filing notation of its clerk on records tardily received by him, by the same token we cannot accept as true his filing inscription on records timely filed. The same may be said as to the fact of payment or nonpayment of the filing fee. To carry such a rule to its ultimate conclusion, we would find ourselves constantly checking up on the clerk's official acts to determine if his filing notations correctly reflect true facts. The clerk is an integral part of the court. Acts performed by him within the scope of his official duties are the acts of the court and, unless their verity is seriously assailed, must, as an original proposition, be taken and accepted as true.

Counsel further argue that, since the record in this case was received by the clerk timely, it was not necessary that he actually inscribe thereon that he had filed it in order for its delivery to have the effect of having been timely filed, and cite the pronouncement of the court in State v. Lewis, 49 La. Ann. 1208, 22 So. 327, in support of this contention. The correctness of that decision is not questioned by us because there was an unqualified intention on the part of the clerk to file the pleading in question and he had inadvertently omitted doing so. Not so here. The clerk was prohibited from filing the record until appellants advanced the filing fee, and his failure to do so before September 7th was intentional, in the observance of his official duty.

For the reasons assigned, the appeals taken herein are dismissed, at appellants' cost.