Plaintiff, Miss Winnifred Riggs, accompanied by James L. Baur, drove her Chevrolet automobile from Monroe, Louisiana, east to Rayville, Louisiana, a distance of approximately twenty-five (25) miles, during the evening of November 25, 1938. At a night club near the last named municipality the couple enjoyed dancing for several hours and then commenced the return journey.
On departing from Rayville Miss Riggs was driving; but after traveling two or three miles she became sleepy and requested her escort to operate the car. Thereupon the change was effected; and she, while sitting on the front seat beside the driver, placed her head against the door and fell asleep.
The awakening of plaintiff occurred as the machine, which was still being driven by Baur, crashed into a truck belonging to F. Strauss Son that was parked on the wrong side of the highway, and in a curve, at a point approximately thirteen (13) miles east of Monroe.
In this suit Miss Riggs alleges various damages sustained by her as the result of the accident, and for these she asks judgment against the partnership of F. Strauss Son and against its individual members and the insurer thereof. The truck operator, who allegedly was at the time acting in the course and scope of his employment with the named partnership, is charged with numerous acts of negligence.
The several defendants filed an answer and joined issue, after which a trial of the merits took place. Resulting was a judgment rejecting the demands of plaintiff that was rendered, read aloud and signed on March 18, 1940.
Plaintiff immediately requested orders of devolutive appeal. These were granted and made returnable to this court on May 5, 1940, without bond. The transcript and record were not lodged here, however, until June 19, 1940, or forty-five (45) days after the named return date, and there was obtained no extension of time for the filing. This delinquency prompted, and was the basis for, the tendering by defendants of a motion to dismiss the appeal.
With reference to the motion counsel for movers respectfully and frankly state:
"At the outset, permit us to say to Your Honors that we are not unaware nor unappreciative of the rule heretofore enunciated by this Honorable Court as prevailing in this Court, to the effect that the duty of making up the record for an appeal and the timely filing thereof is the *Page 502 
duty of the Clerk of the District Court and that his omission or failure in that respect cannot be imputed to the appellant so as to require a dismissal of the appeal. That rule as enunciated heretofore by Your Honors also creates an automatic extension of the return day until the transcript is actually filed."
A reconsideration of the question is urged for the reason, so they contend, that the rule now prevailing in this court "seems violative of constitutional and statutory enactment and also violative of sound logical analysis."
It was said in Stockbridge v. Martin et al., 162 La. 601, 602, 110 So. 828, 829, a case passed upon by us on appeal and considered by the Supreme Court on a writ of certiorari, that:
"* * * it is manifest that the rule which prevails in the Supreme Court with regard to the abandonment of appeal by failure of the appellant to file the transcript in time is not applicable and should not be enforced against an appellant in an appeal to the Court of Appeal, where the clerk of the court fails to transmit the record to the Court of Appeal on or before the return day."
The announced doctrine, since such decision, was further recognized and approved by the Supreme Court in Sanders et al. v. Wyatt et al., 187 La. 80, 174 So. 161, and has been consistently adhered to by this court. Devereaux Ashby v. Rochester, 10 La.App. 430, 120 So. 658; Carter v. Bolden, 11 La.App. 655, 124 So. 562; Dupuy v. Phillips, 14 La.App. 696, 130 So. 855; Morehouse Lumber Building Material Company, Inc. v. Jacob 
Walker, 17 La.App. 409, 136 So. 106; Danna v. Yazoo M.V. Railroad Company, La.App., 154 So. 365; Dorfer v. City of Natchitoches, La.App., 160 So. 807; Twin City Motor Company v. Pettit, La.App., 177 So. 814; Bolton v. Eznack, La.App., 187 So. 840; and Wilson v. Lee, La.App., 196 So. 373.
The several contentions and arguments advanced in the instant cause in support of the motion to dismiss have been carefully considered, and we are not convinced that the stated rule is basically unsound or is in contravention of the procedural laws of this state. To say the least, there appears nothing to justify our offending against the unambiguous pronouncement of our highest tribunal.
Counsel for movers state that in Jackson v. Weeden et al., 17 La.App. 306, 135 So. 745, 746, this court "six years after the decision in Stockbridge v. Martin, dismissed an appeal on the same ground of untimely filing of the transcript, and held that the record not having been filed until twenty-eight (28) days after the return date, the appeal was to be deemed conclusively abandoned."
The Jackson case did not evidence a departure by us from the discussed and adopted procedure. There were two reasons for the dismissal therein of the devolutive appeal sought to be taken by defendant. The first was that defendant moved orally for the appeal at a time subsequent to the term at which the judgment was rendered, whereas orders of appeal should then have been obtained through the process of petition and citation. Regarding the other reason we said:
"* * * The record was not returned into this court until twenty-eight days after the return date and the appellant has in no way attempted to or filed in this court anything to show that it was not returned through no fault of his. He has not shownthat he made the necessary deposit to cover the cost of appeal,either with the clerk of the district court or with the clerk ofthis court, on or before the return day, or the three days ofgrace allowed for said filing. Therefore the appeal was abandoned. Article 587, Code Prac., and citations thereunder."
The same counsel further state that the rule obtaining in the Supreme Court, which is contrary to ours, "is invariably followed in the Court of Appeal for the First Circuit"; and they cite Wiggins v. Texas New Orleans Railroad Company, 17 La.App. 31, 135 So. 265, Weber v. Kemp, La.App., 148 So. 279, and Sanders v. Wyatt, La.App., 170 So. 519. They do not, however, call attention to numerous other decisions of the First Circuit bearing on the subject which challenge the correctness of their statement and place the responsibility for filing the record in the Court of Appeal with the district clerk. Authorities to which we allude are Vinyard v. Stassi, La.App., 152 So. 161; Mansaur v. Anding, La.App., 171 So. 187; Succession of Bongiovanni, La.App., 183 So. 570; Woodward v. Blair, La.App., 197 So. 920; Succession of Bickham, La.App., 197 So. 924.
The motion to dismiss is, therefore, overruled.
We are informed by plaintiff's counsel, with reference to the merits of the case, *Page 503 
that the dismissal of the suit was founded on the court's holding that the driver Baur was guilty of contributory negligence and such was imputable to plaintiff, the owner and an occupant of the car; and in this connection they state:
"The only question to be determined at this point is whether or not James L. Baur, driver of plaintiff's car at the time of the accident was the agent of plaintiff, Miss Winnifred Riggs, or if the state of facts existing legally imputes the driver's negligence to Miss Riggs."
Anent this issue, it is well said in 5 American Jurisprudence (verbo Automobiles), Section 492, that:
"The question frequently arises as to whether, assuming that the plaintiff in an automobile accident case is himself free from personal contributory negligence, he can be so charged with the contributory negligence of another as to bar his recovery against a third person whose concurrent negligence injured him. The question generally arises in actions by a passenger in an automobile injured in a collision with another car who brings suit against the driver or owner of such other's car. Generally, however, the negligence of the driver cannot be considered against the occupant injured in a collision with another car unless that negligence was the sole cause of the accident, unless the driver was the agent or servant of the occupant and subject to his direction and control at the time and place of the injury, or unless the driver and occupant were engaged in a joint enterprise under circumstances which gave a right to share in the control of the automobile. It is only in those instances wherethe passenger or guest has some control or authority over theoperation of the car that the negligence of the driver may beimputed to him."
A similar doctrine is announced in 20 R.C.L. (verbo Negligence), Section 132, reading as follows:
"At one time, the tendency of the decisions was to impute to one riding upon a car or any vehicle of another the negligence of the manager of such car, or of the driver of such vehicle. There is at the present time, however, an almost unanimous concurrence in the rule that one who is riding in a vehicle or car, the manager or driver of which is not his agent or servant, nor under his control, and who is injured by the negligence of a third person and of such manager or driver, may recover of the third person for the injuries inflicted through such concurring negligence. * * * Liability, it has been said, depends on the injured person's control or right of control of the actions of the driver, so as to constitute in fact the relation of principal and agent or master and servant or his voluntary, unconstrained, non-contractual surrender of all care for himself to the caution of the driver."
In Restatement of the Law (verbo Torts) Section 491, we find:
"The fact that the plaintiff is the owner of the car which he permits another to drive does not make the journey during which such other drives a joint enterprise, although his ownership may be important in three other particulars. First, it may give him a peculiar ability to control the manner in which the driver operates the car, and therefore, may bar his recovery against the negligent defendant under the rule stated in § 495. An owner of a car is entitled to expect that one whom he permits to drive his car will follow his directions. On the other hand, one who is a guest in a car not only feels reluctant to interfere with his driver but the owner who is driving is far less likely to heed his advice than if he, the driver, were merely permitted by the plaintiff, as owner, to do the driving. Second, if the purpose of the journey is for the benefit of the owner, even though it is also for the benefit of him who is permitted to drive, the owner may under the principles of the law of Agency be regarded as the master of the driver even though no wages or reward other than the participation in the drive is paid to him."
The quoted legal principles have been given recognition in the jurisprudence of this state, particularly in Smith v. Sladovich et al., 3 La.App. 527; Welch v. Louisiana Oil Refining Corporation, 17 La.App. 100, 135 So. 617; and Link v. Shreveport Railways Company, La.App., 153 So. 77.
It was held in Atchison, T. S.F. Railroad Company v. McNulty, 8 Cir., 285 F. 97, certiorari denied, 262 U.S. 746, 43 S.Ct. 521, 67 L.Ed. 1212, to quote from the syllabus which accurately reflects the holding, that:
"Where plaintiff, who was driving a car owned by her father, as she frequently did, invited a young man acquaintance whom she met, to ride, and permitted him to drive, while she sat beside him, his negligence *Page 504 
in so driving was imputable to plaintiff, who at all times had the right to control the movement of the car."
The automobile in the present controversy was owned by Miss Riggs. It was being driven by Baur, beside whom she sat, at her specific request; and she enjoyed the legal right and authority to direct the manner of its operation. It was her privilege to demand at any time, if she wished, a cessation of his driving. True, on the occasion of the accident, she was asleep, and was not then actually exercising any control whatever; but nevertheless there still existed the right of directing the car's movements, and Baur, under the circumstances, was her agent and his negligence was imputable to her.
The judgment is affirmed.
DREW and TALIAFERRO, JJ., concur.