McBRIDE, Judge.
This is the suit of Ernest (Enest) Bu-quet against Jesse J. St. Amant and Joseph Galiano, in solido, for $445.00, representing damage to plaintiff’s automobile; plaintiff also sought to recover, for the use and benefit of his minor son, Henry Buquet, the sum of $5,536.59, for personal injuries and the loss of earnings sustained by the minor, all as a result of the same automobile accident discussed by us in the case of Galiano v. The Ocean Accident & Guarantee Corporation, La.App., 55 So.2d 641.
Judgment was rendered in favor of plaintiff awarding him $445.00 covering his automobile damage. On behalf of the minor, plaintiff was awarded the sum of $536.59, the loss of earnings of the minor during the period of disability which resulted from his physical injuries.
Defendants have prosecuted this devolu-tive appeal. Appellee answered, praying that the judgment, insofar as it runs in his favor for the use and benefit of his minor son, be increased to the amount prayed for in the petition.
There is no question that Galiano’s negligence must be imputed to Jesse St. Amant, the owner of the car. When the wreck occurred,.the parties were in the process of completing their joint venture or mission to a store where they had made a purchase of whiskey to be used in making egg nog. St. Amant, sitting beside Galiano, who was operating the car with St. Amant’s consent, was explaining to Galiano the mechanism of the overdrive.
Of course, it cannot be said that tinder all circumstances the owner of a vehicle, who permits another to drive, can be held liable for the driver’s negligence. But, in this case, the record clearly establishes that the parties were both interested in the enterprise, and although the car was being operated by Galiano, St. Amant, the owner, had at all times the right to control its operation, and both must be deemed guilty of negligence.
In Waguespack v. Savarese, 13 So.2d 726, wherein was cited several authorities, we held that where the owner of an automobile embarks on a joint pleasure ride with another, whom he permits to drive the car, the owner having an equal right to control, each is to be held liable for the negligent operation of the automobile, on the doctrine of joint adventure or joint enterprise. See also Smith v. Sladovich & Rosengarten, 3 La.App. 527.
The only remaining question to be passed on is the quantum of damages.
The damage to Buquet’s automobile is beyond the pale of dispute, for we find in the record a stipulation by counsel that the automobile was damaged to the extent of the amount awarded in the judgment.
Henry Buquet’s loss of earnings is also established by the evidence.
In view of the findings of the lower court, we cannot understand why the minor Buquet was not granted a recovery for his physical injuries, pain, and suffering. No medical testimony was adduced, but there was offered in evidence a certified copy of the records of Charity Hospital of New Orleans, which reflects that young Buquet was seriously and painfully injured. According to this record, and oral testimony, he suffered a dislocated hip, a fractured knee, and bruises to the face. His left leg was in a cast for about two and one-half months, and he was physically unable to return to his employment for about eight months. There is no evidence showing that the injuries are of a permanent nature.
 There is no set rule or standard for assessing damages for personal injuries, and the amount of the award must be left entirely to the discretion of the court. Considering all of the circumstances of the case, in our opinion an award of $3,000.00 for the injuries and accompanying pain will be adequate compensation.
For the reasons assigned, it is ordered that the judgment in favor of Ernest Bu-quet, for the use and benefit of his minor son, Henry Buquet, be increased to the sum *647 of $3,536.59, and as thus amended, and in all other respects, the judgment appealed from is affirmed. Defendants-appellants to pay the costs in this court.
Amended and affirmed.