JULIAN E. BAILES, Judge pro tern.
This is an action to recover damages sustained by plaintiff in an automobile accident which occurred in the City of New Orleans on February 14, 1971, involving the vehicles of plaintiff and defendant, Juan Leiva. Although the vehicle of defendant, Leiva, was at the time of the accident occupied by Leiva it was being driven by the other defendant, Antonio Rinas. Judgment was rendered against defendant, Antonio Rinas, for the sum of $2,412.55, and the action against Juan Leiva, the ap-pellee herein, was dismissed.
Being aggrieved by the judgment of the court a quo, plaintiff appeals. On our finding that the judgment appealed is correct, we affirm.
A short time prior to the accident, Juan Leiva and Antonio Rinas had left the residence of Leiva to go to the residence of Rinas for the latter to obtain a dictionary which he needed in studying for an examination at the school which he attended. The book had been obtained and Rinas and Leiva were returning to Leiva’s residence when the accident occurred.
It was established by the evidence that the use of the vehicle and the driving thereof by Antonio Rinas was singularly for the use and benefit of Antonio Rinas and that Juan Leiva, while he was the owner of the car, went along merely for the ride. There are no facts whatever in the record which either infer or establish an agency relationship between Rinas and Leiva.
Plaintiff relies on the case of Riggs v. F. Strauss & Son, La.App., 2 So.2d 501, as supportive of her argument that since the vehicle was owned by Leiva, it was his privilege to demand at any time a cessation of its operation by Rinas, and that it was Leiva’s duty to observe the traffic and warn Rinas of the traffic conditions, and that if this had been done in sufficient time the accident possibly would have been averted. Plaintiff argues that in the absence of this observation and warning, Lei-va was contributorily negligent and therefore responsible to plaintiff.
Without entering into a discussion of the applicability or inapplicability of the holding of the court in the cited case of Riggs v. F. Strauss & Son, supra, we find it sufficient to say that the jurisprudence of this state as applied to the facts of the instant case, affirms the holding of the trial court.
In White v. State Farm Mutual Auto Ins. Co., 222 La. 994, 64 So.2d 245, 42 A.L.R.2d 338, our Supreme Court resolved that a passenger in an automobile has the right to rely upon the driver there *799 of and is not required to oversee the operation of the vehicle or pay strict attention to the road, except under special conditions or circumstances where common sense and prudence would dictate that preventive measures be taken by the passenger. This is still the law of this state. No such special conditions are shown to exist in the instant case.
In Gaspard v. Lemaire (1963) 245 La. 239, 158 So.2d 149, where the owner was also a passenger, the court, in part, stated:
“ * * * It is unrealistic to hold, in the present day uses of motor vehicles when heavy traffic is the rule and not the exception, that the occupant of a motor vehicle has factually any control or right of control over the driving of the operator. Therefore, in the absence of a relationship of principal and agent or other legal relationship for which responsibility is imposed on one of the parties for the fault of the other or of independent contributory negligence of the passenger, or a showing that the parties were engaged in a joint adventure, no cogent reason exists for denying to the injured passenger recovery against a third person who has been guilty of negligence having causal connection with the accident.”
In the application of this statement of the law to the facts, we find plaintiff is not entitled to recover judgment against defendant, Juan Leiva. There was no showing that the defendants were on a joint adventure, or that a principal and agent or other legal relationship existed between Rinas and Leiva for which responsibility is imposed on Leiva for the negligent operation of the vehicle by Ri-nas.
For the foregoing reasons, the judgment of the trial court is affirmed at appellant’s cost.
Affirmed.