No. 8040.

EUGENE CHRÉTIEN VS. BENJAMIN POINCY.

On the last day for applying for an extension of time to file the Transcript, the Appellant filed his application in the Clerk's office, the Court not being in session. Five days after, the Court being in session, granted the time asked for. *Held* that this time is to be computed from the day the application was filed in the Clerk's office.

APPEAL from the Civil District Court, transferred from the Third District Court, parish of Orleans. *Monroe, J.*

| 33 | 131 |
|----|-----|
| 48 | 1459 |
| 33 | 131 |
| 52 | 604 |
| 52 | 1377 |
| 33 | 131 |
| 104 | 124 |
| 33 | 131 |
| 121 | 227 |
| 33 | 131 |
| f122 | 954 |

*Paul E. Théard* and *Geo. H. Théard* for Plaintiff and Appellee.

First—That the transcript of appeal was filed too late, no days of grace being allowed after an extension of the return-day. Cane vs. Caldwell & Kahn, 28 A. 790; Beckmyer vs. Eckelman, decided in May, 1879, by this Honorable Court, but not reported—Opinion Book No. 53, f. 193.

Second—That in order to obtain a second extension of time, the appellant must apply to the court on or before the last day. On, when the court happens to be in session; before, when the appellant is aware that there will be no session of the Court on the last extension day. Same authorities; Bienvenue vs. Factors, 28 A, 901; Sun vs. Bynum, 32 A. 28.

Third—That when appellant has filed a motion for extension during recess of the court, the new extension runs from the day of the filing of the motion, and not from the day when the motion was entertained by the court and spread on the minutes; otherwise there would be an interval during which no extension at all would exist.

*Richardson & Magruder* for Defendant and Appellant.

Where a devolutive appeal was made returnable on the first Monday of November, and an extension of time was granted to the 6th of December, a non-judicial day, and an application was filed for a further extension in the clerk's office, on the 6th, that return day, and the motion made in open court, on the first day of the next sitting of court, and granted, that, if it appears that no fault was imputable to the appellant, and the appeal is devolutive and appellant would be entitled to another appeal, the order granting extension of time will not be set aside on a motion to dismiss the appeal on the ground that the transcript was filed too late.

MOTION TO DISMISS.

The opinion of the Court was delivered by

POCHÉ, J. Appellee moves to dismiss this appeal on the ground that the transcript was filed too late.

The appeal was made returnable on the first Monday of November last, 1880.

On the 3d of November, within proper time, and on proper showing, appellant obtained an extension of time to the first Monday of December following for filing his transcript. On the day on which this delay expired, the Court being not in session, appellant filed in the clerk's office a motion for a further extension of time of thirty days, on which motion the Court ruled at the next court day, the 13th of December,

and allowed an extension of fifteen days. On the 24th of December, appellant applied for a further extension of fifteen days, on which motion the Court acted on the 27th of December, by granting a further extension of fifteen days, and the transcript was finally filed on the 7th of January inst., whereupon appellee moved for the dismissal on the 10th, within the legal delays.

The only question presented for solution is as to the date from which must be computed the extension of time applied for on the 6th, and granted on the 13th of December.

Appellant contends with confidence that the time must be computed from the thirteenth, and did not, therefore, expire before the 28th. If his reasoning be correct, and he cannot deny that the limit of his first extension was on the 6th, we are at a loss to conceive what disposition he expects us to make of the intervening week between these two dates. Either he obtained a renewal of extension to take effect from the 6th, on which his first extension expired, or he did not; if he did, then the renewed delay must have expired on the 21st following, fifteen days thereafter, and his application of the 24th came too late. If he did not obtain a renewal on that day, or to take effect at least from that day, then his extension obtained on the 3d of November up to the first Monday of December, had expired, when he renewed it as he contends, on the 13th of December, in which case our order of that date was inadvertently granted, and was a nullity.

Our version is that his application filed with the clerk on the 6th of December, while the Court was not in session, was seasonably made, and justified our order granted on the next court day, the 13th, and that the effect of the order retroacted to the day on which the application had been made, and that the delay therein expired on the 21st. 31 A. 162.

It therefore follows that the application made on the 24th, and granted on the 27th of December, came too late, and that our order of that date was inadvertently granted, and is an absolute nullity. See cases Succession of Kuntz & Lacroix vs. Bonin, recently decided, and not yet reported.

The Court can grant no valid order in contravention of law, and when surprised as in this case, into an error of computation of time, will rescind its own orders without special motion to that effect.

In making such motions, attorneys must be careful to be within the plain requisites of the law, or else they will eventually be deprived of any relief which may be granted inadvertently.

It is, therefore, ordered that this appeal be dismissed at appellant's costs.