The opinion of the court was delivered by
Blanchard, J.
The minutes of the trial court show that judgment herein in favor of plaintiff was rendered on April 27, 1899, whereupon, on the same day and before the judgment was signed, court adjourned, to the next sitting in due course.
On June 5th following, court being again in session, the judgment was formally signed, and the next day in open court, defendant’s counsel took an order of appeal, suspensive and devolutive.
The appeal bond was executed June 13, 1899. The return .day of this appeal was the first Monday in November, 1899, which was the 6th day of that month.
It was necessary to file the transcript within three days thereof.
On the 7th of November application was filed by the appellant for an extension of the return day, and for reasons deemed good and sufficient an order was made extending the time for filing the appeal until the second Monday of January, 1900.
The second Monday of January was the 8th day of that month, and a legal holiday.
On the 9th a second order was made granting an additional delay of fifteen days “to have the transcript of appeal herein completed and to lodge it in this court.”
The transcript was filed January 20th, 1900.
The second order granting the additional delay of' fifteen days was predicated upon the following application, viz: —
“The defendant * * * moves this Honorable court to grant an extension of the return day for fifteen days from this date; to-wit:— 9th of January, 1900, for the reason that the transcript, which was prepared and which the Clerk of the District Court of Yermillion Parish was to forward, all arrangements having been made to that effect by appellant, has not been received and filed in this court, and this without the fault or negléet of appellant, and said appellant shows that within the time (15 days) mentioned another transcript can be prepared if the first has been lost.”
*1376 At the time this application was filed and the further extension, based on its averments, was allowed, a certificate, dated January 8th, 1900, had been given by the Clerk of Court of Vermillion Parish to counsel for plaintiff and appellee setting fprth an entirely different state of facts. This certifícate recited that the transcript was completed in time to return the same to this court on the 8th of January, the date of the first extended return day, and that it was not delivered to the appellant for the sole reason that he had failed and neglected to pay for the same.
Had these facts been brought to the attention of the court the second extension of return day would have been denied.
Following the filing of the transcript, and within two days thereafter, the appellee filed the motion under consideration to rescind and set aside the order granting the second extension, and to dismiss the appeal.
It is set forth as grounds for the motion, that the transcript of appeal was not delivered to the appellant to be filed in this court on the first extended return day for the sole reason that the appellant failed and neglected to pay the clerk’s costs for preparing the same.
A second certificate of the Clerk of the trial court is appended, dated January 19, 1900, duly sworn to, supporting these grounds.
The Clerk states he notified the attorney of the appellant that the transcript would not be delivered until his costs for making out the same were paid; that on the 5th of January, 1900,'the attorney informed him he ¡would give in settlement of the costs the promissory note of the appellant, indorsed by a party named; that he (the clerk) called on the party the following day and he refused to obligate him'self for the costs; and that he thereafter informed the attorney of the refusal, and again declared his purpose not to deliver the transcript until paid for.
He further states that the transcript was then complete with the exception of the index, which could have been completed at the proper time, the record being a small one, had satisfactory arrangements been made with him for the payment of his costs.
By the second section of Act 24 of the Acts of 1872, the Clerk of the court from which an appeal is taken is authorized to withhold delivery of the transcript of appeal until his fees for preparing the same are paid.
*1377 It thus clearly appears that the appellant was not entitled fo the second order granting the fifteen days additional delay in which to file the transcript of appeal; that the same was granted through error and because of the want of knowledge of the true facts; and that for this appellant must be held responsible. See Chretien vs. Poincy, 33 La. Ann. 132.
The motion to rescind and set aside this order and to dismiss the appeal must, therefore, prevail, and, accordingly, it is so ordered.
Breaux, J., having been of. counsel recuses himself.
Rehearing refused.