O’NIELL, Chief Justice.
 

 Levy Lewis sued Abraham Burglass in the First City Court of New Orleans for $300 damages, alleging that Burglass had repossessed, without legal proceedings, certain furniture which Lewis had bought from Burglass, and had not finished paying for. Burglass, answering the suit, denied that he owned any damages, and set up a reconventional demand for $12.10, which was the unpaid part of the price of the furniture. The judge gave Lewis a judgment for $50 damages, and gave Bur-glass a judgment for the $12.10, and allowed legal interest on both sums from judicial demand. Lewis appealed from the decision, to the Court of Appeal for the Parish of Orleans. The appeal was made returnable on or before the 26th day of April, 1935; but the record was not filed in the Court of Appeal until the 30th day of April, which was the next day after the expiration of the three days of grace, allowed by article 883 of the Code of Practice. The case was assigned to be argued on the 21st day of November, 1935. On that day, when the case was called for argument, or perhaps before it was called for argument, one of the attorneys for Burglass asked for and obtained a postponement of the argument, on the ground that they had not received a copy of the appellant’s brief until that morning. Under the rules of court, the case, when postponed, should have gone over, automatically, so to speak, four weeks, that is, to the 19th day of December; but,
 
 *39
 
 for some unexplained reason, perhaps because of the approaching holidays, the case went over another four weeks, that is, until the 16th day of January, 1936. On the 14th day of January, that is, two days before the case was to be argued, the attorneys for Burglass filed a motion to dismiss the appeal, on the ground that the record was not filed on or before the return day, or before the expiration of the three days’ grace. The attorney for Lewis, in opposition to the motion to dismiss the appeal, argued, first, that it was not his duty, but was the duty of the judge of the city court, to file the record in the Court of Appeal, and, second, that, if it should be held that it was the duty of the appellant or his attorney to file the record in the appellate court, the attorneys for the appellee, by asking for and obtaining a postponement of the argument of the case on its merits, waived whatever complaint they might have made about the delay in the filing of the record in the Court of Appeal.
 

 We agree with the Court of Appeal that it is the duty of the appellant or his attorney, and not of the judge of the city court, to see that the record is filed promptly in the appellate court, when the appeal is from a judgment in a suit for more than $100. Before the adoption, of the Constitution of 1921, when the jurisdiction of the city court was confined to suits for sums not exceeding $100, it was the duty of the judge to see to the filing of the record in the appellate court within the time allowed, when he granted an appeal. Hence, if the record was not filed in time, it was -not the fault of the appellant or his attorney, but was the fault of the judge of the city court; and the appeal was not subject to dismissal for the fault or negligence of the judge. That was the rule relating to appeals from judgments rendered by justices of the peace. Code Prac. art. 1135, originally and as amended by Act No. 197 of 1904, and Act No. 226 of 1908; Abraham v. Wallenberg, 130 La. 1096, 58 So. 895; Ragan v. Louisiana Railway & Navigation Co., 139 La. 633, 71 So. 895; Richardson v. Louisiana Railway & Navigation Co., 153 La. 803, 96 So. 662. The same rule was applicable to the city courts, because it was declared in section 7 of Act No. 45 of 1880, as amended by Act No. 22 of 1888, that the manner and. form of proceedings in the city courts of New Orleans should be governed by the general laws regulating proceedings before justices of the peace. But, by Act No. 128 of the Extra Sessi.on of 1921, which act is entitled “An Act To regulate the practice in the City Courts for the City of New Orleans, and to carry into effect sections 90, 91 and 92 of Article VII of the Constitution,” it is declared that the manner and form of proceedings (with certain exceptions which are not now pertinent) in the city courts, in cases where the demand exceeds $100 and does not exceed $300, and where the city court’s jurisdiction is concurrent with that of the district courts, shall be governed by the general laws regulating proceedings before the district courts. Under the general laws regulating proceedings in the district courts, it is the duty of the appellant or his attorney, in case of an appeal from a judgment rendered by a district court, to
 
 *41
 
 see that the record is filed in the appellate court within the time allowed; and if the record is not filed within the time allowed by law, or by the order of appeal, or within the three days of grace, the appeal is subject to dismissal on motion of the appellee.
 

 Our opinion, however, is that the' appellee in this case, by appearing through counsel in the Court of Appeal and asking for and obtaining a postponement of the argument of the case on its merits, acquiesced in the filing of the record one day later than it should have been filed. A failure to file the record or transcript in the appellate court within the time allowed by law or by the order of appeal does not take away the jurisdiction or power of the court to consider and decide the case when the record or transcript is filed. If an appellant neglects to file the record in the appellate court within the time allowed by law or by the order granting the appeal, or within the three days of grace, the appellee may pursue either of two courses — he may obtain a certificate from the clerk of the appellate court declaring that the record has not been brought up, and, on production of the certificate in the court that rendered the judgment, may have the judgment executed; or he may bring up the record to the appellate court and ask either for a dismissal of the appeal or for a judgment on the merits of the case. Code Prac. arts. 588, 589, 590, 883, 884, 885. It follows, therefore, that if an appellant neglects to bring up the record within the time allowed by law or by the order of appeal, but brings it up after-wards, the appellee may acquiesce in the delay that has occurred, instead of having the appeal dismissed because of the delay in the bringing up of the record. In fact, it has been decided that, if an appellant neglects to bring up the record within the time prescribed by law or by the order of appeal, but brings it up afterwards, the appellee waives his right to have the appeal dismissed on that account if he answers the appeal. The reason for that is that, by answering the appeal, the appellee indicates that he elects to have the case decided by the appellate court, instead of having the appeal dismissed. Michel v. Meyer, 27 La.Ann. 173; Jones v. City of Shreveport, 28 La.Ann. 835; Jacobs v. Yale & Bowling, 39 La.Ann. 359, 1 So. 822; Gigand v. City of New Orleans, 52 La.Ann. 1259, 1262, 27 So. 794; Campbell v. Deville, 163 La. 575, 112 So, 491; Farrow v. John R. Thompson Co., 18 La.App. 404, 135 So. 80, 81, 137 So. 604.
 

 It is true that we are going further in the application of the rule of waiver, or acquiescence, than the court went in- any of the cases cited, when we say that if an appellee asks for and obtains a postponement of the argument of his case in the appellate court he thereby waives the right to have the appeal dismissed on the ground that the transcript was not filed in time. But thé reason for the application of the rule, in the cases cited, makes it applicable to this case; that is, that if an appellee prefers to have the appeal dismissed, rather than to have the case decided finally by the appellate court, when the transcript has been brought up after the expiration of the time allowed by law
 
 *43
 
 or by the order of appeal, he must file his motion to dismiss before taking any action inconsistent therewith. In Gigand v. City of New Orleans, supra, where the court dismissed the appeal because the transcript was not filed in time, and the appellant, on application for a rehearing, contended that the city of New Orleans, by appearing as appellee, had waived the right to have the appeal dismissed, the court found that the city had not made any such appearance; but (52 La.Ann. 1259, 1262, 1263, 27 So. 794, 795) the court said: “Had it [the city] made an appearance and taken action of any kind inconsistent with a dismissal, appellant’s contention would have a force which it utterly fails to have under actual conditions.” In Campbell v. Deville, supra, the reason for the rule was given, thus:
 

 “When appellant failed to file the transcript timely, this court did not lose all right to pass on the appeal, for the appellee, by this failure, acquired the right to bring the record here and to move for the dismissal
 
 of
 
 the appeal, or to pray for judgment, in the same manner as if the record had been brought up by the appellant. C.P. arts. 590 and 884. The appellee, however, did not elect to pursue either of these courses, but instead, when the appellant did file the transcript, she availed herself of -the appeal by praying for an increase in the judgment, thereby virtually 'joining in the appeal. This precludes her from now dismissing the appeal. Michel v. Meyer, 27 La.Ann. 173; Jones v. Shreveport, 28 La.Ann. 835; Jacobs v. Yale & Bowling, 39 La.Ann. 359, 1 So. 822; Claflin & Co. v. Lisso & Scheen, 31 La.Ann. 171.”
 

 It is perhaps not practicable to draw an exact line of distinction between such an action on the part of an appellee, in the appellate court, as should constitute a waiver of his right to have the appeal dismissed, in a case like this, and such an action as should not be so construed. It is consistent, though, to say that any appearance and action that is inconsistent with an intention to have the appeal dismissed, on the part of the appellee, is a waiver of his right to have the appeal dismissed on the ground that the transcript was filed too late. It must be borne in mind that a failure of an appellant to file the record in the appellate court within the time allowed merely gives rise to a presumption that he has abandoned his appeal; which presumption, of course, may be dispelled by the appellant’s filing the record afterwards, provided the appellee acquiesces therein. Our conclusion is that the appellee in this instance did acquiesce in the belated filing of the record in the court of appeal.
 

 The judgment dismissing this appeal is set aside, and the case is ordered remanded to the Court of Appeal for further proceedings. The appellee is to pay the costs of the proceedings had in this court; all other court costs are to abide the final disposition of the case.