O’NIELL, Chief Justice.
 

 The plaintiff is appealing from a judgment rejecting his demand. Within the time allowed for filing the record in this court one of the attorneys for the appellant obtained an order of court extending the time thirty days, on an affidavit that the stenographer had not filed a transcript of the testimony in the district court. On similar affidavits, five additional extensions of the time were granted, each order for an extension being obtained within the period of the previous extension. The record was filed in this court within the period of the last extension. Eight months afterwards the attorneys for the defendants, appellees, filed a motion to rescind all except the first one of the orders extending the time for the filing of the record in this court, and to dismiss the appeal, on the ground that the court stenographer had filed the transcript of the testimony in the district court, and the clerk had completed the record and was ready
 
 *329
 
 to deliver it to the attorneys for the appellant, before the expiration of the first extension of the time allowed for the filing of the record in this court. The motion to dismiss the appeal is accompanied by' a certificate of the clerk of the district court, verifying the statement that the stenographer’s transcript of the testimony was filed in the district court and the record was' completed within a week after this court had granted the first extension of the time allowed for the filing of the record.
 

 The motion to dismiss the appeal was not filed before the expiration of three days after the time for filing the record in this court had expired. In fact, a delay exceeding six months had elapsed, after the expiration of the last extension of time allowed for the filing of the record in this court, when the appellees filed their motion to dismiss the appeal. They obtained the certificate from the clerk of the district court, showing the date on which the stenographer filed the transcript of the testimony, and the date on which the clerk completed the record and was ready to deliver it to the attorneys for the appellant, six days before they filed their motion to dismiss the appeal. Hence it is certain that the attorneys for the appellees were aware of the facts concerning the necessity or want of necessity for an extension of the time allowed for filing the record in this court, —and that they knew the facts for a period exceeding three days before they filed their motion to dismiss the appeal.
 

 The attorneys for the appellant, therefore, invoke the rule that a motion to dismiss an appeal for a cause relating only to the regularity of bringing the appeal to the appellate court, — and not to the appellant’s right to an appeal, — comes too late if filed after three days after the expiration of the time allowed for the filing of the record in the appellate court. The rule is stated in the following cases: James v. Fellowes & Co., 23 La.Ann. 37; Cockerham v. Bosley, 52 La.Ann. 65, 26 So. 814; Mutual Life Insurance Co. v. Houchins, 52 La.Ann. 1137, 27 So. 657; Jackson v. Parish of Vernon, 150 La. 1057, 91 So. 509; In re Gem Co., 162 La. 416, 110 So. 635; Webb v. Wilhelm Moss Co., 167 La. 430, 119 So. 416; Cahow v. Hughes (La.App.) 173 So. 471.
 

 If the motion to dismiss the appeal in this case had been filed before the expiration of the time that was finally allowed for the filing of the record in this court, or within three days thereafter, the motion would prevail, according to the ruling in Succession of Kuntz, 33 La.Ann. 30, and in Chretien v. Poincy, 33 La.Ann. 131, and in Thibodeaux v. Cayard, 52 La.Ann. 1374, 27 So. 737, and Rex Realty Co. v. Howard’s D. G. S., 186 La. 867, 173 So. 513; or, according to the ruling in Oertling v. Commonwealth Bonding & Casualty Co., 134 La. 26, 63 So. 611, the case would have to be remanded to the district court to ascertain whose fault it was that the appellant and his attorneys did not know— if in fact they did not know — that there was no necessity for obtaining the second
 
 *331
 
 order extending the time allowed for the filing of the record in this court.
 

 It is admitted in the brief for the appellees that the attorney who signed the affidavits on which the orders extending the time for filing the record in this court were granted “made the affidavits in good faith, under the belief that the averments were true." The attorney who signed the affidavits resides in New Orleans, and made the affidavits on assurances given to him by an attorney associated with him in the case, residing in the parish in which the suit was tried. The attorneys representing the appellees also resided in the parish in which the suit was tried. Hence the attorneys for the appellees had the same opportunity that the local attorney for the appellant had to observe that there was no necessity for the second order extending the time for filing the record in this court. Although it was not the duty of the attorneys for the appellees to see to the filing' of the record in this court within the time allowed, it was their duty to be prompt in calling the court’s attention to the fact, if they observed the fact, that the time which the appellant was allowed for filing the record in this court was being extended unnecessarily by the orders of the court. In the case of Chretien v. Poincy, 33 La.Ann. 131, and again in Thibodeaux v. Cayard, 52 La.Ann. 1374, 27 So. 737,-in both of which cases the court dismissed the appeal for a cause similar to the cause which is urged by the appellees in this case, — the court pointed out that the motion to rescind the order extending the time for filing the record in this court, and to dismiss the appeal, was filed “within the legal delays , — meaning before three days had elapsed after the expiration of the extension of the time allowed for filing the record in this court. In Succession of Kuntz, 33 La.Ann. 30, it was observed that the motion to rescind the order extending the time for filing the record in this court was filed promptly after the order was granted, and before the extension had expired. Also in Rex Realty Co. v. Howard’s D. G. S., 186 La. 867, 173 So. 513, the appellee’s motion to rescind the order extending the time for filing the record in this court was filed promptly after the order was granted, and within the period of the extension.. We are not aware of any case where the court has sustained a motion by an appellee to traverse the affidavit or affidavits on which an appellant obtained an extension of the time allowed for filing the record in the appellate court, — and to rescind the order of extension and dismiss the appeal,— where the record was filed in the appellate court within the period of the extension, and the motion to dismiss was filed after the lapse of three days after the extension had expired. Of course, this three-days limit does not apply to a motion to dismiss an appeal on the ground that the record was not filed in the appellate court within the time originally 'allowed, or within three days thereafter, or within the period of an extension of the time if an extension was granted in time; because, in such a case, the presumption is that the appellant has abandoned his appeal; and the appellee is not obliged to remain on the lookout for a belated filing of the record in the appellate court. Articles 588, 589,
 
 *333
 
 590, 883, 884, and 885 of the Code of Practice provide, in such a case, that the appellee has the option, either to bring up the record himself and have the case decided by the appellate court, or to have the judgment appealed from executed. But, if the appellant has brought up the record after the time allowed for bringing it up has elapsed, the appellee cannot have the appeal dismissed on that account if, before moving to dismiss the appeal, he takes any action not consistent with an intention to have the appeal dismissed. It was so decided in Lewis v. Burglass, 186 La. 36, 171 So. 564, where counsel for the appellee, before moving to dismiss the appeal on the ground that the record was not brought up within the time allowed, asked for and obtained a postponement of the argument of the case.
 

 Our conclusion is that a motion to dismiss an appeal on the ground that the time allowed for filing the record in the appellate court was extended unnecessarily and on an erroneous certificate or affidavit that the record was not available is unavailing unless it is filed before the extension of the time for filing the record has expired, or within three days thereafter, if the record was filed within the period of the extension of the time allowed therefor. Hence the motion to dismiss this appeal, and, to that end, to rescind the orders by which the time allowed for filing the record in this court was extended, came too late.
 

 The motion to dismiss the appeal is overruled.
 

 HIGGINS, J., takes no part