PER CURIAM.
Plaintiff, as administrator of the estate of Joyce B. Harper, deceased, filed suit in his capacity as administrator against defendant to recover a money judgment. The trial court rendered judgment in favor of plaintiff and against defendant on June 16, 1961. On June 26, 1961, the judgment was signed by the district judge, and on the same date, defendant moved for a suspen-sive and devolutive appeal to this court. The motion was granted by the district judge and the return date was fixed at not later than August 19, 1961. On September 25, 1961, counsel for defendant filed a written motion in the instant case stating that the original return date was premature because by law defendant has 90 days in which to file a devolutive appeal and an adherence to the original return day would deprive defendant of a part of the time provided for said appeal. Said motion stated that the $250 bond fixed in the original order granting the appeal had been filed with the clerk, and defendant asked for a new return date for said appeal. On September 25, 1961, the district judge signed the motion and fixed the return date for October 25, 1961.
Plaintiff appellee filed an answer to the appeal asking that the judgment of the district court be affirmed and that in addition to the amount awarded in said judgment he be allowed such damages from defendant for said frivolous appeal as in the judgment of the court may be considered fair and equitable.
Plaintiff has filed a motion in this Court to dismiss the appeal because the motion and order of September 25, 1961, is in effect a motion and order for extension of the return date within which to file the record and complete the transcript of appeal and is not in form and substance as required by law in that:
A. It is not made by and in the name of the Clerk of Court of said Thirtieth Judicial District Court, Beauregard Parish, Louisiana, as required by Code of Civil Procedure, Article 2125, LSA.
B. The application for extension was not made nor filed until more than thirty *917 (30) days after the expiration of the return date as fixed in the order of appeal herein.
As further cause for dismissal of this appeal, plaintiff-appellee shows that the appellant failed, refused and neglected to pay to the Clerk of the District Court not later than three days prior to the return date and/or extended return date of said appeal, the cost of preparing the record on appeal and the filing fee required by the Appellate Court to lodge the appeal as required by Code of Civil Procedure Article 2126, LSA.
In the case of Diecidue v. Kilpatrick (Ct. App., Orleans, 1956), 86 So.2d 757, the Court said:
“ * * * even if the appellees had a right to urge the dismissal of the appeal on motion, they certainly effectively waived and abandoned that right by asking for damages for frivolous appeal. Code Prac. art. 907; Brewton v. Brewton, 159 La. 251, 105 So. 307; Clay v. District Grand Lodge No. 21, Grand United Order of Odd Fellows of Louisiana, La.App., 154 So. 654; Devoe & Raynolds Co., Inc., v. Turpin, 16 La.App. 43, 133 So. 493.”
In the case of Hargett v. Chemical Service, Inc., et al. (Ct.App., 1 Cir., 1959) 116 So.2d 855, 860, the Court made the following statement:
“As to various alleged irregularities in the devolutive appeals originally and subsequently perfected by the insureds, if not cured by the subsequent devolu-tive appeal, they are deemed to have been waived by the appellee’s having filed an answer to the appeal without reserving his rights under the motion to dismiss the appeal. D’Angelo v. Nicolosi, 188 La. 326, 177 So. 64, 65; Lewis v. Burglass, 186 La. 36, 171 So. 564.”
In the instant case counsel for appellee filed an answer to the appeal based on the same grounds as were made in the case of “Diecidue v. Kilpatrick, supra. Having filed an answer to the appeal without reserving his rights under the motion to dismiss the appeal, they are deemed to have been waived by the appellee. Hargett v. Chemical Service, Inc., et al., supra.
For the reasons assigned, the motion to dismiss the appeal will therefore be denied.
Motion denied.