ON MOTION TO DISMISS
STOULIG, Judge.
Appellee seeks to dismiss this appeal on the basis that the appellant never appealed from the final judgment rendered in this matter.
A review of the relevant proceedings in the record reflects the following chronology of events:
(1) March 26, 1973 — Judgment in favor of plaintiff (appellee) and against the defendant (appellant).
(2) March 27, 1973 — Appellant perfects a suspensive appeal from the judgment of March 26, 1973.
(3) March 28, 1973 — Appellee filed motion for a new trial to amend judgment of March 26 to include legal interest from the date of judicial demand until paid.
(4) March 30, 1973 — Rule made absolute. New trial granted for the purpose of amending judgment to include legal interest.
*160 (5) April 6, 1973 — Amended judgment signed.
(6) May 21, 1973 — Appellee answers suspensive appeal of March 27 and seeks to have award of the lower court increased, and for attorney’s fees and additional special damages.
(7) July 19, 1973 — Appellant files motion to dismiss this appeal.
Appellee maintains that the granting of the new trial on March 30, 1973, produced the legal consequence of setting aside in its entirety the judgment of March 26 and therefore this judgment was no longer ap-pealable. Since no appeal was ever taken from the judgment of April 6, there is no viable appeal pending and appellant’s sus-pensive appeal from the judgment of March 26 should be dismissed.
No need exists to consider the merits of the motion in adjudicating the mover’s right to a dismissal of the appeal. It is now well established by an abundance of jurisprudence[1] that if an appellee answers an appeal seeking a modification of the judgment appealed from, or damages for a frivolous appeal, without reserving his right to seek a dismissal of the appeal, he is deemed to have waived the right to have the appeal dismissed.
As expressed by our Supreme Court, the answering of the appeal seeking additional relief and a motion to dismiss the appeal are inconsistent actions.[2] By answering the appeal, appellee indicates that he elects to have the case decided by the appellate court instead of having the appeal dismissed.[3] In order to avoid the waiver of this procedural right, the appellee must expressly reserve it in his answer to the appeal or plead his answer in the alternative should the motion to dismiss not be maintained.
• From the aforecited cases, the relative sequence or respective filing dates of the answer to the appeal and the motion to dismiss are of no significance, for without a reservation of this right, the effect remains the same — a waiver of his right to have the appeal dismissed.
It affirmatively appears in the record that appellee has answered the appeal seeking to amend and supplement the judgment appealed from, without a reservation of his rights, and has subsequently filed a motion to dismiss the appeal. In conformity with the jurisprudence expressed herein, the motion to dismiss the appeal must be denied.
For the foregoing reasons the motion to dismiss is denied. Costs of this proceeding are to be borne by mover-appellee.
Motion denied.

.Brewton v. Brewton, 159 La. 251, 105 So. 307 (1925); Robertson v. Town of Jennings, 128 La. 795, 55 So.2d 375 (1911); Adolph v. Sewerage & Water Board Pension Com., 202 So.2d 664 (La.App. 4th Cir. 1967); Franks v. Harper, 134 So.2d 916 (La.App. 3d Cir. 1961); Hargett v. Chemical Service, Inc., 116 So.2d 855 (La.App. 1st Cir. 1959); Diecidue v. Kilpatrick, 86 So.2d 757 (La.App.Orl. 1956); Gray v. Bird & Son, 12 So.2d 828 (La.App. 2d Cir. 1943); Stringfellow v. Murphy, 195 So.2d 844 (La.App. 2d Cir. 1940); Clay v. District Grand Lodge No. 21, 154 So. 654 (La.App. 1st Cir. 1934); Devoe & Raynolds v. Turpin, 16 La.App. 43, 133 So. 493 (2d Cir. 1931).

. D’Angelo v. Nicolosi, 188 La. 326, 177 So. 64 (1937).

. Lewis v. Burglass, 186 La. 36, 171 So. 564 (1936).